No. 17,013.

GLASS *v*. THE PEOPLE.
(255 P. [2d] 738)

Decided March 16, 1953.

Messrs. MOYNIHAN-HUGHES-SHERMAN, Mr. RICHARD V. ANDERSON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

AN information was filed in the district court of Weld county in which Owen Bryan Glass and three other persons were named defendants. The crime with which

they were charged was that of aggravated robbery alleged to have been committed in Weld county. In additional counts of the information it was alleged that defendant Glass had previously been convicted of three separate felonies within the State of Oklahoma, and had served separate terms in penal institutions pursuant to said convictions and the judgments rendered thereon.

The trial court appointed counsel to represent defendant Glass, and, after a consultation between counsel thus appointed and defendants, they were arraigned. Defendant Glass entered a plea of guilty to counts one, seven, eight and nine of the information. In count one he was charged with the substantive offense of aggravated robbery. It was alleged in counts seven, eight and nine that he had previously been convicted, as hereinabove indicated. After hearing evidence offered upon the pleas of guilty, the court entered judgment and sentence that defendant Glass be confined in the penitentiary for the remainder of his natural life.

Thereafter, a petition to vacate judgment and sentence was filed in said district court on behalf of defendant Glass and one other defendant, who also had been given a life sentence as an habitual criminal. Said petition did not include the proposition contained in the assignment of error, and since no contention is now made that the trial court erred in denying said petition we give it no further consideration. Counsel for Glass set forth a single assignment of error on which they rely for reversal, to wit: "The trial court erred in failing to properly and fully explain to Owen Bryan Glass the consequences of entering pleas of guilty to the counts contained in the Information, including three counts under the Habitual Criminal Act of the State of Colorado, in that the trial court advised Owen Bryan Glass that the consequences of such pleas of guilty 'may be imprisonment in the state penitentiary for the remainder of your natural life,' whereas, in truth and fact, it was mandatory upon the trial court under such pleas to sentence

the said Glass to imprisonment in the state penitentiary for the remainder of his natural life, and the trial court therefore should have used the word 'must' rather than the word 'may' in so advising the said Glass."

The record discloses that Glass was represented by appointed counsel who was present at the time of arraignment; that counsel requested, and was granted, an hour's delay in said arraignment for the purpose of consulting with Glass; and at the expiration of that time the following proceedings occurred:

"The Court: Are all parties ready now in Case No. 4729, People vs. Holybee et al?

"Mr. Ahlborn: The People are ready to put on our evidence and proof if the court please.

"Mr. Clark: Yes, we are ready. I have consulted with all four of the defendants, and they have all stated they desired to be arraigned this morning and to get this matter settled as expeditiously as possible and be on their way. I have fully explained the consequences of their plea to them, and they all fully understand it. There are two who [are] indicted under the Habitual Criminal Statute while the other two are not. The two under the Habitual Criminal Statute are Moss and Glass, and I have spent considerable time explaining the consequences of a plea of guilty to them, and they insist they want to get it over with. We are ready for arraignment.

"Mr. Ahlborn: At this time, the People move for arraignment.

"The Court: You may proceed.

And thereupon each of the four above named defendants were handed a copy of the information herein, together with the jury list, and were arraigned separately and entered separate pleas; said defendant Owen Bryan Glass being separately arraigned on four separate counts of the information, entered a plea of Guilty to each and all of said four separate counts.

"The Court: I understand your counsel has fully advised each of you of your rights and what would be the

penalty if you insist on entering this plea of guilty?

"Owen Bryan Glass: Yes.

"The Court: Owen Bryan Glass, you have been charged in this information with four different offenses, and in different counts of the information, and you have, after being fully advised by your own counsel as well as by the court, entered a plea of guilty. (All defendants having heretofore been advised by the court as to the penalty.) Do you so understand that you are now entering a plea of guilty to each one of those four separate counts, as charged in the information, and you fully understand the consequences, from your consultations with your counsel and from what the Court has advised you heretofore?

"Owen Bryan Glass: Yes, sir.

"The Court: You have now been fully advised by your counsel as to what that plea means under the Habitual Criminal Statute, under which you are now charged, and that it may be imprisonment in the State penitentiary for the remainder of your natural life. Do you so understand?

"Owen Bryan Glass: Yes.

"The Court: Let the record show the defendant Owen Bryan Glass having been duly advised by both Court and Counsel, still insists on his plea of guilty to the four counts herein contained, and same may now be received and entered of record, and the People may proceed with their evidence."

As grounds for reversal of the judgment it is argued that the trial court did not fully or correctly explain to Glass the consequences which would follow upon the entry by him of the pleas of guilty. Section 482, chapter 48, '35 C.S.A., provides, inter alia: "In all cases where the party indicted shall plead 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, * * *." It further is argued that, because the habitual criminal statute makes the imposition of a life sentence

mandatory under the circumstances shown in the case at bar, defendant Glass was not fully informed by the trial court concerning the consequences of his plea. No authority is called to our attention which holds that the language employed by the trial court in this cause is insufficient to comply with the requirements of our statute. We think that under the facts of the instant case the right of defendant to be advised concerning the consequences of his pleas of guilty was sufficiently protected.

The judgment accordingly is affirmed.

MR. JUSTICE BRADFIELD not participating.