No. 18,613.

GLEN W. MARLER *v.* PEOPLE OF THE STATE OF COLORADO.
(336 P. [2d] 101)

Decided March 2, 1959.

24

Mr. GLEN W. MARLER, pro se, Mr. WILLIAM O. DE-SOUCHET, Counsel, Mr. RALPH ULLEBERG, Student Counsel, University of Colorado Legal Clinic, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

AN information was filed against the plaintiff in error,

defendant in the trial court, in the district court of Garfield County. By it he was charged with feloniously inflicting bodily injury while operating a motor vehicle in a reckless and careless manner while under the influence of intoxicating liquor. Defendant was represented by counsel, entered a plea of guilty to the charge, and, after the court had considered his application for probation and denied the same, was sentenced to a term in the state penitentiary of not less than three or more than five years.

Defendant claims error in the proceedings in the trial court in the following particulars: 1. That he stood mute before the court and that the plea of guilty was entered by his counsel and not by defendant; 2. that the court failed to advise the defendant of the consequences of his plea as provided in C.R.S. '53, 39-7-8; 3. that the evidence failed to establish the guilt of the defendant.

We dispose of the third assignment of error by calling attention to C.R.S. '53, 39-7-8. This section is not ambiguous and has been interpreted by this court many times so that it is now settled law that the only necessity for the taking of evidence after a plea of guilty is to enable the court to determine whether aggravating or mitigating circumstances are present to guide the court in exercising discretion as to the minimum and maximum sentence to be imposed. *Little v. People,* 138 Colo. 572, 335 P. (2d) 863, 18,773 decided February 24, 1959; *Champion v. People,* 124 Colo. 253, 236 P. (2d) 127; *Hahn v. People,* 126 Colo. 451, 251 P. (2d) 316. See also: *Williams v. People,* 134 Colo. 580, 307 P. (2d) 466, where although the point at issue was whether the defendant may waive the requirements of C.R.S. '53, 39-7-8, it was clearly pointed out that the purpose of the statute is to give information to the court in mitigation or aggravation of the offense. The instant case was an aggravated one as observed by the judge in pronouncing sentence. Moreover the evidence clearly established the guilt of defendant.

Other questions to be determined:

First: *Upon arraignment is it essential before the court can accept a plea of guilty and enter it upon the record that the plea be made personally by the defendant?*

This question is answered in the negative.

█ The record here shows that the plea of guilty was entered by counsel for the defendant who had acknowledged receipt of a copy of the information, waived its reading, and waived service of the jury list. The defendant was present in court and stood by his counsel during the proceedings. The circumstances of the plea of guilty are recited in the record on two separate days, many months apart, and were brought about by the following circumstances: The automobile accident which formed the basis for the filing of the information herein occurred May 31, 1957. Defendant himself was seriously injured. His first arraignment was not until July 3, 1957, when defendant appeared personally and by counsel. Proceedings on that day were as follows:

"The Court: Are you ready for arraignment? Mr. Marmaduke [counsel for defendant]: Because of the defendant's condition, as you can see, he is still suffering from injuries, at this time I will enter a plea of not guilty on his behalf, but I may later ask to change the plea. The Court: And you waive reading of the Information? Mr. Marmaduke: Yes, sir. The Court: All right, let the plea of not guilty be entered of record. * * * "

Thereafter on the 9th day of November 1957, four months after the first arraignment and entry of the not guilty plea, the following proceedings took place before the court:

"Mr. Balcomb: May it please the Court, in Number 2116, The People of the State of Colorado vs. Glen W. Marler, on July 3, 1957, I believe that is the date, the defendant was brought into court and arraigned and entered at that time a plea of not guilty. The defendant is present in court at the present time, represented by his

attorney, Mr. C. V. Marmaduke. Mr. Marmaduke informs me that Mr. Marler at this time desires to change his plea.

"Mr. Marmaduke: The plea of not guilty was entered on the date mentioned by the District Attorney for the reason the defendant at that time was not in a mental condition to answer and understand, when the charge was explained to him, the seriousness of a plea of guilty and I then informed the Court that thereafter, when the defendant became so that he could understand the effect of a plea that we might want to change it. I have talked to him a few days ago and a few moments ago and he desires to withdraw the plea of not guilty and enter a plea of guilty to the charge laid."

The statute with reference to arraignment and pleas is C.R.S. '53, 39-7-5, which reads as follows:

"Arraignment — plea — issue — error. — Upon the arraignment of a prisoner it shall be sufficient, without complying with any other form, to declare orally by himself or his counsel that he is not guilty, which declaration or plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the state and the prisoner. If the clerk should neglect to insert in the minutes the arraignment and plea, it may and shall be done at any time by order of the court, and then the error or defect shall be cured."

While it is true that the statute mentions only the plea of "not guilty" this is the only statute on arraignment and pleas, and the alternative to the not guilty plea must be implied. In interpreting the statute this court said in *Minich v. People,* 8 Colo. 440, 9 Pac. 4, as follows:

"Some of the ancient formalities connected with the arraignment of persons accused of crime have long been discarded. And now there seem to be in practice three acts attending the proceeding, viz., calling the defendant

to the bar of the court to answer the matter charged against him; reading the indictment to him, and demanding of him whether he is guilty or not guilty. By statute in this state (section 954 of the General Statutes) it is expressly enacted that the declaration *of his plea* may be made orally, by himself or by counsel. * * * *(Emphasis supplied.)*

As was said in *United States v. Denniston*, 89 F. (2d) 696, wherein the plea was guilty:

"(3,4) But there is a technical objection to the plea itself. It is argued that as it was entered by the attorney and not by the appellant personally it is of no effect. While it is true that in ancient times when the rights of an accused were comparatively few much stress was laid upon the formality of arraignment and plea, especially in felony cases, and plenty of authority may be found to the effect that a plea of guilty at common law had to be made by the accused himself after he had been adequately identified, we are not disposed to subscribe to such rigidity of procedure. The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the altar of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered. And what was said in Garland v. State of Washington, 232 U. S. 642, 34 S. Ct. 456, 58

L. Ed. 772, in overruling Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. Let the accused be actually present in the court of competent jurisdiction; let the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney. So we hold the plea of guilty valid."

Defendant also contends that by the quoted portions of the record showing that he made no statement, he, in fact, was standing mute in the court and the court should have entered a plea of not guilty for him as provided in C.R.S. '53, 39-7-9. That section is entitled, "When prisoner *refuses* to plead" and as we interpret it, it refers to an accused who refuses to respond and obstinately stands mute. Here the defendant obviously authorized his attorney to speak for him, and there is no indication in the record that he refused to respond to the arraignment. Other portions of the record which will be referred to later show that he understood exactly what was going on.

Second: *When a record discloses that the court in making the statutory admonitions when a guilty plea was tendered did not speak directly to the defendant but rather directed his remarks to defendant's counsel, did the trial judge fail in the performance of the duty laid upon him by statute?*

This question is answered in the negative.

C.R.S. '53, 39-7-8, provides:

"In all cases where the party indicted shall plead guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party

indicted persists in pleading guilty, said plea shall be received and recorded, * * *."

The portion of the record revealing the action of the court in carrying out the mandate of this section shows that the following took place in open court:

"Mr. Marmaduke [counsel for defendant]: The plea of not guilty was entered on the date mentioned by the District Attorney for the reason that the defendant at that time was not in a mental condition to answer and understand, when the charge was explained to him, the seriousness of a plea of guilty and I then informed the Court that thereafter, when the defendant became so that he could understand the effect of a plea that we might want to change it. I have talked to him a few days ago and a few moments ago and he desires to withdraw the plea of not guilty and enter a plea of guilty to the charge laid. The Court: Have you explained to your client the implications of such a plea? Mr. Marmaduke: Yes, sir, I have explained to him the possible consequences and that under the plea and under the statute, it might carry a term of from one to five years in the State Penitentiary. The Court: Or any minimum or maximum within that. Mr. Marmaduke: Yes, sir. The Court: And have you also explained to him that he need not plead guilty but may have a jury trial? Mr. Marmaduke: Yes, sir. The Court: Very well, leave is granted to defendant to change his plea of not guilty to guilty, and it is hereby ordered the plea of guilty is hereby accepted by the Court and the same is ordered entered of record in this court."

It is apparent from the quoted portion of the record that the trial judge was adopting the language of defendant's counsel and adding his own admonition thereto so that the defendant, who stood at the side of his counsel, was advised of the consequences of his plea.

The judge said to defendant in substance as shown by the record here: Counsel has correctly recited the consequences of the plea of guilty as a term of from one to

five years in the state penitentiary or any minimum or maximum within that, and you need not plead guilty but may have a jury trial.

In *Glass v. People,* 127 Colo. 210, 255 P. (2d) 738, circumstances were very similar wherein counsel for defendant said:

"* * * I have fully explained the consequences of their plea to them, and they all fully understand it. * * * I have spent considerable time explaining the consequences of a plea of guilty to them, and they insist they want to get it over with. We are ready for arraignment."

Whereupon the court said:

"I understand your counsel has fully advised each of you of your rights and what would be the penalty if you insist on entering this plea of guilty?

\*     \*     \*

" * * * No authority is called to our attention which holds that the language employed by the trial court in this cause is insufficient to comply with the requirements of our statute. We think that under the facts of the instant case the right of defendant to be advised concerning the consequences of his pleas of guilty was sufficiently protected."

. On the brief filed by the defendant, who has appeared for himself, it is claimed that he was so injured that he did not know or understand what was transpiring at the time the change of plea was made by his counsel from guilty to not guilty. We find no merit to this contention. Contrary to our rules of procedure he has attached to his brief matters outside the record, of recent date, consisting of letters from two doctors. Desiring to afford the defendant every benefit, we have taken cognizance of the letters. Suffice it to say that neither letter indicates that plaintiff was so injured or mentally impaired as not to be able to understand the proceedings on November 9 and the consequences of his change of plea. One letter advises that the plaintiff is suffering from symptoms of restlessness, headaches, eye strain and nervousness; the

32

other that the accident has caused a memory loss prior to July 24, 1957. This implies that the defendant remembers everything subsequent to July 24. Hence occurrences of November 1957 are within the scope of his retained memory.

The judgment is affirmed.