No. 21084.

JACK C. KEPHART v. THE PEOPLE OF THE STATE OF COLORADO.

(395 P.2d 7)

Decided August 31, 1964.

Plaintiff in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Richard W. Bangert, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as the defendant, entered a plea of guilty to an information in which he was accused of the crime commonly described as "indecent liberties." The information set forth the crime in the language of the statute.

Defendant was arraigned in open court on March 20, 1962, and entered a plea of guilty. The matter was set over until March 22, 1962, for the reception by the trial court of the pre-sentence investigation and report, and on said March 22, 1962, the trial court took evidence relating to the alleged crime. The court then explained to defendant the procedure to be followed and ordered a psychiatric examination and report of the mental condition of the defendant, as relating to the alleged crime, for the guidance of the court in passing sentence. April 4, 1962, the trial court, in open court, having received

said psychiatric report, made a finding that defendant was "an habitual offender of the crime * * * charged" and thereupon sentenced him "to an indeterminate term at the Colorado State Penitentiary at Canon City, such term to run not less than one day nor longer than (defendant's) natural life."

Seventeen months thereafter defendant filed with the trial court a "Motion to Vacate, Set Aside or Correct Judgment and Sentence, Pursuant to Rule 35 (b), Colo. R. Crim. P." This motion was denied September 27, 1963, and on October 24 defendant filed a "Motion for a New Trial Pursuant to Rule 33, Colo. R. Crim. P.," which was denied.

As grounds for relief defendant argues that at the time he entered his plea of guilty he was not warned of the consequences of his plea in the particular manner prescribed by C.R.S. '53, 39-7-8, which contains the following:

"In all cases where the party indicted shall plead guilty, such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, * * *"

What actually happened in this connection appears in the record as follows:

"MR. KNOUS: In the event the jury found you guilty, or you voluntarily entered a plea of guilty, the court could under the laws pertaining to this particular offense sentence you for a term up to ten years in the state penitentiary, or the court might in its discretion under a particular provision in this type of a case sentence you to a state institution for a term of not less than one day or more than your natural life, do you understand that?

"MR. KEPHART: Yes, sir.

"THE COURT: Mr. Kephart, do you understand what the district attorney has just informed you?

"MR. KEPHART: Yes, sir."

The argument is that "The Court allowed the

district attorney to make the explanation of the consequences, thus allowing an Officer of the Court to perform a necessary function of the Court itself." The statute does not require that the judge of the trial court shall himself give utterance to the warning of the consequences of entering a plea of guilty. It requires that the court "shall have" fully explained to the accused the consequences of such a plea. This obviously means that under the court's direction the rights of the accused shall be protected. *Marler v. People,* 139 Colo. 23, 336 P.2d 101.

 Defendant argues that he was denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States in that the procedure surrounding the acceptance of his plea of guilty and imposition of sentence amounted to a violation of the Sixth Amendment to the Constitution of the United States. This argument is without merit.

Defendant's constitutional rights through the proceedings were ably and judiciously protected. He was advised of the nature of the charge, afforded an opportunity to have counsel to conduct his defense, advised of his clear right to a trial by jury, and warned of the consequences of pleading guilty to the offense charged. The court properly accepted his plea of guilty to the offense charged and sentenced him in accordance with the provisions made by statute.

The judgment is affirmed.