## No. 27894

**Diane M. Tasset v. Marsha B. Yeager, County Judge of Boulder County, State of Colorado**

(576 P.2d 558)

Decided April 3, 1978.

Charles S. Vigil, Lee G. Rallis, for petitioner-appellee.

Alexander M. Hunter, District Attorney, Peter A. Hofstrom, Chief Deputy, for respondent-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The appellant, the Honorable Marsha B. Yeager, County Judge of Boulder County, appeals an order of the district court, directing her to dismiss a complaint against the appellee on the grounds that appellee was denied a speed trial. We affirm.

Appellee filed a complaint in district court, pursuant to C.R.C.P. 106, requesting that appellant be permanently restrained from proceeding further in the criminal case because more than six months had elapsed since the entry of appellee's not-guilty plea. The district court granted the relief requested by appellee and denied appellant's motion for a new trial. Appellant filed a timely notice of appeal to the court of appeals. That court transferred the case here. Section 13-4-109, C.R.S. 1973.

The appellee entered a plea of not guilty at her arraignment on March 10, 1976. At the pretrial conference on April 15, 1976, the county judge offered appellee's counsel three possible trial dates. Defense counsel rejected the date of July 26, 1976, because he had planned to attend the 1976 Olympics in Montreal, and the date of August 23, 1976, because he had another trial scheduled. Both counsel accepted a trial date on August 26, 1976. The district court found as a matter of fact that although counsel for appellant could have appeared for trial on all other dates within the six-month period from March 10 to September 10, 1976, except the dates of July 20 and August 23, the county court had offered no other dates.

On July 27, 1976, the district attorney moved for a continuance on the grounds that one of the state's witnesses, a police officer, would be attending school in Colorado Springs and would not be able to testify on August 26, 1976. The court, by Judge Steinberg, granted the continuance. The district court found as a matter of fact that, since Judge Steinberg could not set the appellee's trial within the six-month period, he transferred it to the appellant judge's courtroom.

The appellant judge, over the appellee's objection, reset the trial for September 20, 1976, more than six months from the date appellee entered her not-guilty plea. Appellant judge denied appellee's speedy trial motion to dismiss, and this appeal followed.

The appellant judge contends that the period between July 26, 1976, and August 26, 1976, was delay caused at the instance of defendant and, as such, is excluded by Crim. P. 48(b)(6)(VI) and section 18-1-405(6)(f), C.R.S. 1973, from the computation of the six-month period in which apellee's trial should have been held. We are not persuaded by this argument. We elect to adopt the rationale of the district court that the alleged delay caused by appellee's counsel in rejecting the proposed trial dates is not the type of delay contemplated by the speedy trial statute or the rule.

Section 18-1-405(1) and Crim. P. 48(b)(1) require the dismissal of charges against a defendant who has not been brought to trial within six months from the date she entered a not-guilty plea. In computing the time within which a defendant must be brought to trial, in order for the delay to be charged to the defendant, it must be attributable to affirmative action on her part, or to her express consent to the delay, or to other affirmative conduct evidencing such consent. *Harrington v. Dist. Ct.,* 192 Colo. 351, 559 P.2d 225 (1977); *see e.g., Saiz v. People,* 189 Colo. 555, 542 P.2d 1293 (1975); *Lucero v. People,* 171 Colo. 167, 465 P.2d 504 (1970); *Casias v. People,* 160 Colo. 152, 415 P.2d 344 (1966).

The record supports the district court's finding that the appellee could have been brought to trial within six months but for the granting of the continuance requested by the People[1] and the appellant's refusal to reset the trial within the required period.

The result in this case is governed by Section 18-1-405(4) and Crim. P. 48(b)(4):

"If a trial date has been fixed by the court, and thereafter the prosecuting attorney requests and is granted a continuance, the time is not thereby extended within which the trial shall be had . . . unless the defendant in person or by his counsel in open court of record expressly agrees to the continuance. . . ."

There was no such agreement or conduct in the instant case by defense counsel.

The judgment is affirmed.

MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.

---

[1] The district court found as a matter of law that the prosecution had not demonstrated the due diligence required by section 18-1-405(6)(g)(I) and Crim. P. 48(b)(6)(VII)(A) so as to exclude the delay caused by the continuance from the six-month period. *See Cunningham v. Municipal Court,* 62 Cal. App.3d 153, 133 Cal. Rptr. 18 (1976).