The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

George Juan CHAVEZ,
Defendant-Appellant.

No. 80CA0629.

Colorado Court of Appeals,
Div. I.

May 6, 1982.

Rehearing Denied May 27, 1982.

Certiorari Denied Aug. 16, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, George Juan Chavez, appeals his conviction, following a trial to the court, of second degree burglary, attempted theft, and three counts of habitual criminal. We affirm.

The record discloses that following a continuance which is not in issue, this case was set for trial on April 11, 1978. On April 10, the defendant sought and obtained a continuance which the State and the defendant agreed extended the statutory period for speedy trial to October 10. The defendant requested that the matter be set for trial and the court on, July 31, set December 5 as the trial date.

The court thereafter became aware that this date was beyond the October 10 deadline, and on August 21 a hearing was held for the purpose of resetting the matter. Defense counsel advised the court at that time that defendant, who was confined in the Colorado State Penitentiary and not present, declined to sign a speedy trial waiver. Counsel further advised the court that he had other matters scheduled during each week through October 10. After counsel declined the court's request that he select a date prior to October 10 for trial, the court set October 3 as the trial date. This date was agreeable with the prosecution.

At a hearing on August 28, the court was advised by defense counsel that because of his schedule he would not be available to try the case on October 3, nor any time thereafter until the week of October 24. The court then reset the matter for trial on

October 24, indicating its concern about setting the trial date two weeks beyond the deadline. The court stated, in effect, that this was done at the insistance of defense counsel, and had the effect, in the opinion of the court, of extending the speedy trial deadline to October 24. Defense counsel was noncommittal on this issue.

On October 12, the defendant filed a motion to dismiss the substantive charges for lack of a speedy trial. The court denied the motion during a hearing held October 17. The court also vacated the trial date of October 24 at defense counsel's request. Counsel announced that he would petition the Colorado Supreme Court for a writ of prohibition, and conceded that any delay in that regard beyond October 24 was chargeable to the defendant. Subsequently, the Supreme Court denied defendant's petition without opinion, and he was brought to trial in May, 1979.

## I. SPEEDY TRIAL

■ Defendant argues that the delay which occurred between October 3 and October 24 is not attributable to him personally, and that the speedy trial provisions of § 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 48 require dismissal of the charges. We disagree.

Under the statute, the People had until October 10, 1978, six months from the continuance granted to defendant in April, to bring defendant to trial. The issue is whether the postponement of the trial to October 24, based upon defense counsel's inability to try the case prior to October 10 was a delay chargeable to the defendant which extended the speedy trial deadline.

*People v. Anderson,* —— Colo.App. ——, 649 P.2d 720 (1982) is dispositive. There we held that defendant's attorney, without defendant's personal consent, may obtain a continuance of a trial setting subject to the discretion of the trial court and that the continuance will extend the speedy trial deadline an additional six months from the granting of the continuance. Section 18–1–405(3), C.R.S.1973 (1978 Repl.Vol. 8); Crim.P. 48(b)(3). Here, when defense coun-

sel insisted he could not try the case prior to expiration of the six months, we hold this to be tantamount to a request for a continuance.

We need not decide here whether the postponement of trial to October 24 was a continuance which extended the speedy trial deadline for an additional six months from August 28, under § 18–1–405(3), C.R.S.1973 (1978 Repl.Vol. 8), Crim.P. 48(b)(3), or was an excludable period of delay, under § 18–1–405(6)(f), C.R.S.1973 (1978 Repl.Vol. 8), Crim.P. 48(b)(6)(VI). The trial setting was sufficiently within the additional six month period under *Anderson,* following a delay that was chargeable to the defendant. *Tasset v. Yeager,* 195 Colo. 190, 576 P.2d 558 (1978), cited by defendant, is inapposite. There the defendant could have been brought to trial within the six months period but for the granting of a continuance requested by the People, and the trial court's refusal to reset the trial within the required period. Here, a trial setting prior to the expiration of the deadline was not only possible from the standpoint of both the court and the prosecution, but was in fact ordered. The delay beyond that date was at the instance of, and as we have held, at the implied request of defense counsel.

We have considered *People v. Johnson,* 26 Cal.3d 557, 162 Cal.Rptr. 431, 606 P.2d 738 (1980), cited by defendant, which holds to the contrary and we decline to follow it.

Under the circumstances present here, the trial court properly denied defendant's motion to dismiss.

## II. HABITUAL CRIMINAL

■ Defendant contends here that three of the four counts of habitual criminal of which he was found guilty were based upon prior felony convictions that were improperly and unconstitutionally obtained, and, as a result, the determination that he was an habitual criminal under § 16–13–101(2), C.R.S.1973 (1978 Repl.Vol. 8) was improper. We disagree.

### A.

On February 21, 1958, defendant entered a plea of guilty to the charge of larceny.

Defendant argues that an examination of the transcript fails to disclose that he was advised of the nature of the charge.

The applicable statute at that time, § 39–7–8, C.R.S.1953, only required the court to explain the consequences of entering a guilty plea, that is, the possible punishment, and to examine witnesses as to aggravation and mitigation of punishment. The record discloses that the court read the charge to defendant, who was represented by counsel, and then fully explained the possible punishment upon a plea of guilty. A comparison of the record here with the record cited in *Marler v. People,* 139 Colo. 23, 336 P.2d 101 (1959) demonstrates compliance with the statute.

### B.

On February 10, 1965, the day before trial, on an information charging him with the felony crime of conspiracy to commit burglary, the defendant withdrew his plea of not guilty and entered a plea of guilty. Defendant argues that an examination of the transcript of the providency hearing conducted at that time shows that the plea cannot satisfy constitutional requirements of voluntariness as prescribed by the version of Crim.P. 11 then in effect.

The dispositive issue here is whether the constitutional requirements of voluntariness then in effect were met. *People v. Ramirez,* —— Colo.App. ——, —— P.2d —— (1982). On this issue, *Ward v. People,* 172 Colo. 244, 472 P.2d 673 (1970) is dispositive. The record here compared with the record in *Ward* demonstrates compliance with the then existing Crim.P. 11. At the time pertinent here, which was prior to the effective date of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), there was no requirement that the defendant be advised specifically of each element of the offense to which he was admitting guilt. It was sufficient that the nature of the crime was fully explained. *Ward v. People, supra.*

### C.

On September 26, 1973, pursuant to a plea agreement, the district attorney amended an information, which had been filed against the defendant, to include the count of possession of burglary tools. To this count the defendant entered a plea of guilty, and the remaining counts of the information were dismissed.

At the time this plea was entered, the version of Crim.P. 11 applicable to this case specifically delineated the duties of the trial judge and the rights of the defendant. It is evident from the record that the guilty plea accepted by the trial judge substantially complied with Crim.P. 11. A ritualistic formula is not required in ascertaining defendant's knowledge. *People v. Lambert,* 189 Colo. 246, 539 P.2d 1238 (1975). Here, the defendant admitted to breaking into the jewelry store on the date and in the manner alleged in the information. The record is unambiguous as to defendant's knowing and intelligent waiver of his rights. *See People v. Keenan,* 185 Colo. 317, 524 P.2d 604 (1974).

Since each of the three preceding felony convictions were constitutionally valid, defendant was properly found to be an habitual criminal under the statute.

Judgment affirmed.

COYTE, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting:

I dissent. I favor a more stringent interpretation of the provisions of § 18–1–405, C.R.S.1973 (1978 Repl.Vol. 8) and Crim.P. 48(b). I view the statute and the rule as requiring an express waiver, or some conduct by the defendant himself, which would constitute such a waiver. *People v. Gallegos,* 192 Colo. 450, 560 P.2d 93 (1977); *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977). The strength of the presumption against such a waiver is forcefully stated in *Sweet v. Myers,* Colo., 612 P.2d 75 (1980).

Here, the defendant refused to sign such a waiver, and the actions of his counsel, under the circumstances of this case, should not be allowed to outweigh that refusal to waive the statutory right. Once his refusal to waive was known by the court, and the

excuses were presented by the public defender for being unable to try the case within the statutory period, the public defender should have been ordered to appear on the date set for trial or new counsel should have been appointed and a trial date set within the period. *See People v. Johnson,* 26 Cal.3d 557, 162 Cal.Rptr. 431, 606 P.2d 738 (1980).

Given the present staffing of the courts and the office of the public defender, it may well be that the six-month period is not realistic. However, this matter will have to be solved by the General Assembly and not by the courts. Therefore, I raise my voice in agreement with the rationale set forth by Judge Kelly in her dissent to *People v. Anderson,* —— Colo.App. ——, 649 P.2d 720 (1982), the prevailing rule of which serves as the basis for the majority's disposition of the speedy trial aspect of this case.