Corey HILLS, Petitioner

v.

**WESTMINSTER MUNICIPAL COURT**
and Honorable Paul D. Basso,
Judge, Respondents.

No. 09SC340.

Supreme Court of Colorado.

Jan. 10, 2011.

Michael D. Brown, Arvada, Colorado, Attorney for Petitioner.

Martin R. McCullough, Westminster City Attorney, Jarod Balson, Westminster Assistant Prosecuting Attorney, Westminster, Colorado, Attorneys for Respondents.

Justice EID delivered the Opinion of the Court.

In this case we address whether charges against the defendant must be dismissed when the trial court continues the trial on its own motion due to docket congestion and offers a new trial date within the statutory speedy trial deadline, but defense counsel rejects the proffered date because of a scheduling conflict, resulting in a trial date beyond the deadline. The court of appeals found that defense counsel's scheduling conflict was attributable to the defendant and that therefore the delay was to be excluded from the speedy trial calculation, making the ultimate trial date timely. *Hills v. Westminster Mun. Court*, 215 P.3d 1221, 1224 (Colo.App.2009).

We now affirm the court of appeals. We hold that when a trial court continues a case due to docket congestion but makes a reasonable effort to reschedule within the speedy trial period, and defense counsel's scheduling conflict does not permit a new date within the speedy trial deadline, the resulting delay will be attributable to the defendant, and the period of delay will be excludable from time calculations for the purposes of the applicable speedy trial provision. Accordingly, it is not necessary in this case to dismiss the charges against the defendant on speedy trial grounds.

## I.

On January 20, 2007, the City of Westminster ("the City") charged the petitioner, Corey Hills, with battery and criminal mischief under the Westminster Municipal Code. An additional charge of false imprisonment was subsequently added. The Westminster Municipal Court set a trial date for February 27, 2007. Upon Hills's request for a jury trial, the original trial date was vacated, and a new trial was set for March 9, 2007. An attorney entered an appearance on behalf of Hills two days before trial, and the court reset the trial date for March 23, 2007. At a pretrial conference two days before that scheduled trial date, a dispute arose over pretrial discovery. The municipal court again reset the trial, this time for April 13, 2007.

The City then filed a motion to disqualify Hills's attorney, alleging a conflict of interest. On April 11, two days before the scheduled trial date, Hills's attorney withdrew, and a new attorney entered an appearance. Hills's new counsel, however, was not available on the trial date, April 13. The municipal court offered five other trial dates in April and May. Hills's former counsel declined all five dates on behalf of Hills's new counsel and offered four alternate dates: June 1, 8, 15, and 22. The trial was scheduled for June 8, 2007.

On June 8, Hills's counsel filed a motion to dismiss on speedy trial grounds. The municipal court found that the entry of appearance on April 11 functioned as a motion for a continuance, resetting the applicable ninety-day speedy trial period and making the new expiration date July 10.[1] The court then continued the case on its own motion, as it had two other trials on that day, June 8. It offered July 6, a date within the speedy trial deadline, as a new trial date. Hills's counsel stated that he was not available on that date but that he could appear on July 13 or July 27, both of which fell after the expiration of the speedy trial period. The municipal court's next available date was August 3, 2007. Hills's counsel accepted that date but preserved a speedy trial objection.

On July 5, Hills filed a petition in Adams County District Court seeking dismissal with prejudice under Rule 106 of the Colorado Rules of Civil Procedure.[2] He claimed that the Westminster Municipal Court had violated his speedy trial right under the applicable provision, Colorado Municipal Court Rules of Procedure 248(b) (hereinafter "C.M.C.R."), which imposes a ninety-day speedy trial deadline:

> If the trial of a defendant is delayed more than ninety days after the arraignment of the defendant, or unless the delay is occasioned by the action or request of the defendant, the court shall dismiss the case and the defendant shall not thereafter be tried for the same offense. . . .

The district court found that the municipal court's own continuance on June 8 pushed the trial date past the expiration of the speedy trial period. The district court concluded that, because the municipal court's own docket congestion was responsible for the untimely trial date, Hills's statutory right to a speedy trial had been violated. The district court remanded the case for dismissal of charges.

The court of appeals reversed the district court. Because Hills's motion focused on the period after the trial court's continuance, rather than on the earlier delays, the court limited its discussion to this final period. Looking to cases discussing Crim. P. 48(b) and section 18–1–405, C.R.S. (2010), which have speedy trial requirements similar to those of C.M.C.R. 248(b), the court of appeals concluded that the final delay—from June 8 until the later trial date—was "due to an 'action or request of the defendant,'" making a dismissal of the charges inappropriate. *Hills,* 215 P.3d at 1224.

The court of appeals found that when a trial court continues the trial on its own motion but offers a new trial date within the speedy trial period, and defense counsel rejects that date because of his own scheduling conflicts and instead proposes a date outside the speedy trial period, "the delay is attributable to the defendant" and excluded from speedy trial calculation. *Id.* at 1225. The court remanded the case and ordered that the charges be reinstated against Hills. Judge Gabriel dissented, finding that the delay was attributable to the court's docket congestion, rather than the defendant, because, after continuing the case on its own motion, the court offered only one date within the speedy trial deadline. *Id.* at 1226 (Gabriel, J., dissenting). Judge Gabriel would have dismissed the charges against the defendant. *Id.* at 1229.

Hills sought certiorari.[3] We now affirm the court of appeals and hold that when a trial court continues a case due to docket congestion but makes a reasonable effort to reschedule within the speedy trial period,

---

1. The propriety of this ruling is not at issue in this appeal.

2. C.R.C.P. 106(a)(4)(I) limits review to "a determination of whether the [municipal court] has exceeded its jurisdiction or abused its discretion."

3. We granted certiorari on the following two issues:
 (1) Whether the court of appeals erred by holding that the process of declining a single

proposed trial date constituted a waiver of speedy trial, reversing *Tasset v. Yeager,* 195 Colo. 190, 191, 576 P.2d 558, 559 (1978) and its progeny.
(2) Whether the Colorado Court of Appeals impermissibly shifted the burden of compliance by holding that the trial court and the prosecutor need not determine the availability of alternative dates within speedy trial prior to setting the trial outside of speedy trial over the objection of the defendant.

and defense counsel's scheduling conflict does not permit a new date within the speedy trial deadline, the resulting delay will be attributable to the defendant, and the period of delay will be excludable from time calculations for the purposes of the applicable speedy trial provision. Therefore, it is not necessary to dismiss the charges against Hills on speedy trial grounds.

## II.

The trial in this case was set beyond the ninety-day speedy trial period established by C.M.C.R. 248(b). Under C.M.C.R. 248(b), charges against the defendant must be dismissed "[i]f the trial of a defendant is delayed more than ninety days after the arraignment of the defendant ... *unless the delay is occasioned by the action or request of the defendant.*" C.M.C.R. 248(b) (emphasis added). Today we hold that the delay in this case was attributable to the defendant.

In addressing a motion to dismiss for failure to afford a speedy trial that complies with a statutory mandate, a court must conduct a factual analysis on a case-by-case basis. *See, e.g., People v. Arledge,* 938 P.2d 160, 165 (Colo.1997) (discussing section 18–1–405, C.R.S (1986 & 1996 Supp.) and finding that "[t]o whom the trial delay beyond the speedy trial date is properly chargeable is an *'ad hoc* inquiry.'" (quoting *People v. Scales,* 763 P.2d 1045, 1048 (Colo.1988)) (emphasis in original)). In addressing the trial court's role, we look to whether its actions with regard to the applicable speedy trial provision were reasonable under the facts of the case before it. *See, e.g., People ex rel. Gallagher v. District Court,* 933 P.2d 583, 592 (Colo.1997) (holding dismissal of charges necessary when trial court's unreasonable refusal to try to appoint defense counsel who could appear within the speedy trial period caused the delay); *Arledge,* 938 P.2d at 167 (finding that recused trial judge acted inappropriately when he obtained a speedy trial

waiver instead of immediately dispatching the case for reassignment).

The primary goal of speedy trial provisions is to ensure that the court and the prosecutor act in a timely fashion. *People v. Bates,* 155 Colo. 277, 280–81, 394 P.2d 134, 136 (1964). Ultimately, speedy trial provisions help "secure and effectuate an accused's constitutional right to a speedy trial." *People v. McMurtry,* 122 P.3d 237, 242 (Colo. 2005) (internal citation omitted). The policy of preventing undue delay that underlies speedy trial provisions must be balanced against a "'countervailing interest in effective enforcement of criminal laws.'" *Arledge,* 938 P.2d at 165 (quoting *People v. Sanchez,* 649 P.2d 1049, 1052 (Colo.1982)). The trial court and prosecuting attorney are responsible for ensuring that a case is brought within statutory speedy trial time limits. *See People v. Colantonio,* 196 Colo. 242, 244, 583 P.2d 919, 921 (1978); *see also People v. Roberts,* 146 P.3d 589, 593 (Colo.2006) ("The burden of compliance with the speedy trial statute is on the district attorney and the trial court." (internal citations omitted)).[4]

Delays attributable to the court or the prosecutor that result in a trial date that falls past the applicable speedy trial deadline require the dismissal of charges against the defendant. C.M.C.R. 248(b). Such delays may include, for example, delays resulting from a prosecutor's lack of diligence, a court's congested docket, a court's refusal to set trial within the speedy trial period after granting prosecutor's motion for continuance, a court's refusal to timely select a new venue, a court's dilatory ruling, or a prosecutor's untimely actions. *See Arledge,* 938 P.2d at 165–66.

Delays attributable to a defendant, however, may result in a resetting of the speedy trial statute or in an excludable period of time for the purposes of calculating the speedy trial period. C.M.C.R. 248(b) (excluding from the speedy trial calculation peri-

---

4. The inquiry is different when the challenge is based on the constitutional right to a speedy trial, rather than on an alleged violation of statute. In the former case, a four-factor test is invoked, and the burden is on the defendant to show that his constitutional rights were violated.

*See, e.g., People v. Chavez,* 779 P.2d 375, 376 (Colo.1989) (citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Only the statutory right to a speedy trial was raised in this case.

ods of time for which "the delay is occasioned by the action or request of the defendant"); *see also* § 18–1–405(6)(f), C.R.S. (2010) (excluding periods of time for which a delay is "caused at the instance of the defendant"); *People v. Fetty,* 650 P.2d 541, 544 (Colo.1982) (finding that defendant waived speedy trial claims where defense counsel requested a trial date outside the speedy trial period " 'for scheduling purposes' " and "made no subsequent effort to seek an earlier trial date"); *People v. Wilson,* 972 P.2d 701, 704–05 (Colo.App.1998) (holding that the trial court was correct to treat defense motion for dismissal based on unavailability of defense counsel as a motion for continuance when defense counsel was unable to appear at the trial date set within the speedy trial period); *People v. Chavez,* 650 P.2d 1310, 1310–11 (Colo.App.1982) (holding delay attributable to defendant where trial date initially was set within speedy trial period but defense counsel then informed the court he could not try the case until two weeks after the speedy trial deadline).

 As a general rule, "scheduling delays to accommodate defense counsel are attributable to the defendant." *People v. Bell,* 669 P.2d 1381, 1384 (Colo.1983) (citing *Fetty,* 650 P.2d at 544 and *Bates,* 155 Colo. at 277, 394 P.2d at 134); *see also Wilson,* 972 P.2d at 704 (holding that charges need not be dismissed on speedy trial grounds when defense attorney had scheduling conflict with proffered trial date the day before the speedy trial deadline, although the court previously had twice rescheduled trial due to docket congestion); *People v. Hamer,* 689 P.2d 1147, 1149–50 (Colo.App.1984) (holding that defendant's motion to dismiss was properly denied when defense attorney's request for continuance due to his scheduling conflicts resulted in a trial date outside the speedy trial period). As the trial court found in *Wilson,* it is appropriate to attribute a delay to the defendant, rather than to the court or the prosecuting attorney, when "the trial could have gone forward within the original speedy trial period, but for defense counsel's unavailability." 972 P.2d at 704.

In this case, after offering several potential trial dates, the municipal court continued the trial for its own convenience but still offered a final trial date that satisfied the applicable speedy trial provision. Due to a scheduling conflict, however, defense counsel declined that date and offered alternate dates—both outside the speedy trial period. The municipal court then scheduled the trial for its next available trial date, only one week after the second of defense counsel's suggested dates, and which, like defense counsel's proffered dates, fell after the expiration of the speedy trial period. In this case, the court made a reasonable effort to reschedule within the speedy trial period and the delay that pushed the trial date past the speedy trial deadline—defense counsel's scheduling conflict—was "occasioned by the action or request of the defendant." C.M.C.R. 248(b); *see also Bell,* 669 P.2d at 1384.

As a concession to the practical difficulties of choosing a date that is convenient for everyone involved, trial courts often initially offer several potential trial dates within the speedy trial period, as the municipal court did in this case. When rescheduling occurs near the expiration of the speedy trial period, however, trial courts might not always have several remaining trial dates available. Despite defense counsel's limited initial availability and the court's continuance on its own motion, the court still made available a timely trial date. There is no evidence that the prosecuting attorney or witnesses were not available on the proffered trial date. Moreover, because defense counsel suggested dates outside of the speedy trial period, and did not offer any dates within the speedy trial period, the clear implication was that defense counsel could not schedule within the speedy trial deadline. By next offering a date only a week after defense counsel's last suggested date, the court made a reasonable effort to schedule within the speedy trial period and accommodate the timeframe suggested by defense counsel. Thus, the defense attorney's scheduling conflict ultimately was responsible for the delay that pushed the trial date past the expiration of the speedy trial period. We note that, as defense counsel's schedule is a factor over which the court and the prosecutor have no control, the primary policy underlying speedy trial provisions would hardly be for-

warded by attributing this delay to the court or to the prosecutor and requiring dismissal of charges.

Hills relies on our decision in *Tasset v. Yeager*, in which we stated "the alleged delay caused by appellee's counsel in rejecting the proposed trial dates is not the type of delay" attributable to the defendant in the speedy trial analysis. 195 Colo. 190, 192, 576 P.2d 558, 559 (1978). Our statement in *Tasset*, however, must be viewed in the context of the "type of delay" presented by the case. In *Tasset*, the trial court initially offered three possible trial dates, two of which defense counsel rejected due to scheduling conflicts. 195 Colo. at 191, 576 P.2d at 559. The court therefore set trial for the third date. *Id.* Prior to trial, the prosecution asked for a continuance due to witness unavailability, which was granted. *Id.* The case was ultimately transferred to another judge, who set the trial date outside of the speedy trial deadline over the defendant's objection. *Id.* In that situation, the fact that defense counsel had initially rejected two of the three trial dates did not mean that the later delay caused by the continuance would be attributable to the defendant. Instead, the delay was caused by the "granting of the continuance requested by the people and the [judge's] refusal to reset the trial within the required period." 195 Colo. at 192, 576 P.2d at 560. Here, by contrast, the court continued the trial on its own motion but offered a date within the speedy trial period. Under these circumstances, unlike in *Tasset*, defense counsel's rejection of a trial date within the speedy trial deadline is attributable to the defendant.

▆ Hills also argues that the court of appeals' opinion, which we affirm today, impermissibly shifts the burden of compliance with speedy trial deadlines to the defendant

because it did not require the trial court to inquire into defense counsel's availability on the dates he initially offered for trial, June 15 and 22.[5] We disagree. The trial court offered only July 6 as a new trial date within the speedy trial deadline. By responding with dates outside the speedy trial period, defense counsel implied he was not available within the speedy trial period. Thus, there was no need to inquire into defense counsel's continuing availability on June 15 and 22. The trial court did not impermissibly shift the burden of compliance on the defendant, but instead simply offered the only trial date that was available within the speedy trial deadline at that point in time.

In sum, despite the fact that the court in this case continued the trial due to docket congestion, it did make a reasonable effort to reschedule the trial within the speedy trial deadline. Because the court's effort to reschedule within the speedy trial deadline was rejected by defense counsel due to a scheduling conflict, and that rejection ultimately pushed the trial past the speedy trial deadline, we hold that the resulting delay was attributable to the defendant. Accordingly, it is not necessary to dismiss the charges against Hills.

### III.

For the reasons stated above, we affirm the court of appeals.

Justice MÁRQUEZ does not participate.

---

5. Of the four dates initially offered by defense counsel, June 1 had already passed, and the trial court continued the June 8 trial date on its own motion on the day of trial.