No. 20737.

THE PEOPLE OF THE STATE OF COLORADO *v.* JOHN BATES.
(394 P.2d 134)

Decided July 13, 1964.     Rehearing denied August 10, 1964.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN E.

Bush, Assistant, Mr. Bert M. Keating, District Attorney, Second Judicial District, Mr. William A. Robertson, Deputy District Attorney, Mr. Theodore A. Borillo, Deputy District Attorney, for plaintiff in error.

Messrs. Mellman, Mellman & Thorn, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

By a direct information filed with the trial court on October 11, 1961, one John Bates was charged with burglary and conspiracy to commit burglary. On October 26, 1961, Bates was arraigned and upon a plea of not guilty the case was set for trial on June 12, 1962. It should be noted that neither the People nor Bates voiced any objection to the date selected by the court for trial of this matter.

On June 7, 1962, Bates filed a motion for a continuance and as ground therefor stated that one of his witnesses would be out of town and unavailable to testify on June 12, 1962. Upon hearing this motion was denied and the matter then came on for trial on June 12, 1962.

Some two days were required to empanel a jury, whereupon the People commenced their presentation of evidence. The second witness for the People was one Hutton, a self-styled accomplice of Bates in the particular burglary for which Bates was then being tried. In the course of his direct examination and in response to a question of the district attorney as to "the circumstances under which you saw John Bates after this occasion," Hutton answered as follows: "Well, John Bates was quite active in the Police Union; I was active in it also. I seen him numerous times at work and at police union meetings. *I was also involved in another burglary with him . . .*" (Emphasis supplied.)

At this juncture Bates through his counsel objected to the answer as thus made by the witness Hutton, which objection was very promptly sustained by the trial court. Additionally, Bates requested that the jury be instructed to disregard "the last statement of the witness." This request was also granted by the trial court and the jury was carefully admonished to disregard the same.

Direct examination of the witness Hutton was then resumed and moments later a recess was called to permit the district attorney and counsel for Bates to adjourn to court chambers, there to argue the admissibility of a certain written statement purportedly made by Hutton to an investigating officer. When in chambers for the purpose of arguing this other and different matter, counsel for Bates stated that "just for the record" he would like to move for a mistrial based on Hutton's earlier answer to the effect that he (Hutton) "was also involved in another burglary with him [Bates]." This turned out to be much more than a perfunctory motion made "just for the record," the trial court after argument granting the motion and at Bates' request declaring a mistrial.

The trial court thereupon indicated that it desired and intended to try the case on the following Monday. To this suggestion, counsel for Bates declared "you can't do this," objecting to the proposal on the ground that though the "second jury" would be different in personnel from the "first jury" nevertheless this "second jury" would still come from the same panel of jurors as did the "first jury." Bates' objection in this regard was sustained and the case was continued to the following Monday, but not for trial — only resetting.

On the Monday following the date of the mistrial, the record discloses considerable colloquy between court and counsel as to a prospective trial date. The trial court proposed to try the matter on October 1, 1962, whereupon counsel for Bates replied: "if you could

make it after that, most any time would be all right." Whereupon the trial court again acceded to Bates' request and proceeded to set the matter for trial on October 15, 1962.

On October 15, 1962, Bates filed a motion to dismiss the information, his motion being based on the contention that he was not brought to trial within two terms of court, as required by C.S.A. '53, 39-7-12, as amended, or within one year after the information was filed, as required by Rule 48(b), Colo. R. Crim. P. The trial court granted this motion and entered a judgment dismissing the information and discharging Bates. A motion for reconsideration of its action was denied by the trial court, and by the present writ of error the People seek reversal of this judgment.

■ Prior to July 1, 1961, C.R.S. '53, 39-7-12 provided that "any person . . . committed for any criminal . . . matter and . . . not tried on or before the expiration of the second term of the court . . . shall be set at liberty by the court, *unless the delay shall have been on application of the prisoner.*" (Emphasis supplied.) In 1961 this statute was amended in a significant particular as such relates to the present controversy, the General Assembly in 1961 providing that such person should be set at liberty "unless the delay shall have been *caused or requested* by the defendant." (Emphasis supplied.) See 1961 Session Laws, page 312. Stated in negative fashion, under this statute, as amended, such person is *not* entitled to be discharged if he requested a postponement of his trial or otherwise caused the delay thereof.

■ Similarly, Rule 48(b) provides that "if the trial of a defendant is delayed more than one year after the filing of the information, *unless the delay is occasioned by the action or request* of the defendant, the court shall dismiss the . . . information." (Emphasis supplied.)

■ The obvious purpose of both the aforementioned rule and statute is to prevent dillydallying on the part

of the district attorney or the court in a criminal proceeding. In our view the delay in the instant case, if such there be, was most certainly not attributable to any procrastination on the part of the district attorney or the court. Rather it was clearly caused by the action of the counsel for the defendant Bates.

■ To briefly illustrate that such is the case, it is pointed out that when the trial court declared a mistrial, it initially suggested that the matter be tried· on the following Monday. Bates' reaction to this suggestion of an early trial date was both spontaneous and emphatic, his counsel stating "you can't do this." Bates' objection in this regard was sustained. We deem it unnecessary to belabor the obvious and simply observe that this delay was certainly both "caused" and "occasioned" by Bates, and hence he is in no position to invoke the "two term" requirement called for by C.R.S. '53, 39-7-12, as amended.

. In similar fashion, when the trial court proposed to try the matter on October 1, 1962, counsel for Bates demurred to this suggestion, and countered by declaring that "most any time [after October 1, 1962] would be all right." When the trial court next proposed October 15, 1962, as the date on which trial of the matter would commence, counsel for Bates replied "that's all right." Most certainly this particular bit of delay was "caused" and "occasioned" by the action of the defendant and hence he also is in no position to urge the "one year" requirement contained in Rule 48(b). In short the trial court was quite mistaken in granting the motion to dismiss, as the delay was caused by the various and sundry actions of Bates' own counsel.

The judgment wherein the trial court dismissed the information and discharged Bates is reversed and the cause remanded with directions that the matter proceed to trial on the issues framed by the information and Bates' plea thereto.

MR. JUSTICE HALL and MR. JUSTICE PRINGLE concur.