581 P.2d 746 (1978)
Maria A. BACHICHA, Plaintiff-Appellee,
v.
MUNICIPAL COURT OF the CITY OF THORNTON and the Honorable Judge Hartley, one of the Judges thereof, Defendants-Appellants.
No. 77-901.
Colorado Court of Appeals, Div. I.
June 29, 1978.
Epstein, Lozow & Preblud, P. C., Bruce P. Fierst, Denver, for plaintiff-appellee.
Daniel, McCain & Brown, T. William Wallace, Leonard H. McCain, Brighton, for defendants-appellants.
COYTE, Judge.
Following the refusal of the Thornton Municipal Court to dismiss two criminal prosecutions against her, plaintiff initiated this C.R.C.P. 106 proceeding in the district court. The District Court entered a judgment ordering the municipal court to dismiss the two cases for failure to comply with C.M.C.R. 248(b), C.R.S.1973, the ninety-day speedy trial rule. We affirm.
C.M.C.R. 248(b) in pertinent part is as follows:
"If there is unnecessary delay in the trial of a defendant, the court may dismiss the case. If the trial of a defendant is delayed more than ninety days after the filing of the complaint or summons and complaint, unless the delay is occasioned by the action or request of the defendant, the court may dismiss the case and the defendant shall not thereafter be tried for the same offense; except that if on the day of a trial set within the last ten days of the above time limit a necessity for a continuance arises which the court in the exercise of sound judicial discretion determines would warrant additional delay, then one continuance, not exceeding thirty days, may be allowed, after which the dismissal shall be entered as above provided if trial is not held within the additional time allowed."
The parallel rule in the Rules of Criminal Procedure is Crim.P. 48(b), also enacted as § 18-1-405, C.R.S.1973. It reads in pertinent part as follows:
"If . . . there is unnecessary delay in finding an indictment or filing an information against a defendant . . . the court may dismiss the prosecution. Except as otherwise provided in this Rule, if a defendant is not brought to *747 trial . . . within six months from the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, the pending charges shall be dismissed, whether he is in custody or on bail, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode."
Appellants argue that the "unnecessary delay" wording of C.M.C.R. 248(b) merely codifies the defendant's basic constitutional right to a speedy trial, and that the reference to ninety days is a guideline for the court's discretion rather than a mandatory limit. They contend that because C.M.C.R. 248(b) uses the words "may dismiss the case" rather than the words "shall be discharged," and "shall not again be indicted" as in Crim.P. 48(b), the question of whether to dismiss the case is a matter in the court's discretion, even where the ninety days has run. We disagree.
As their parallel purposes and numbering systems indicate, the Colorado Rules of Criminal Procedure and the Colorado Municipal Court Rules of Procedure are in pari materia. See Crim.P. 2; C.M.C.R. 202 and C.M.C.R. 206(a)(6). Being in pari materia, they should be reconciled if possible. See People v. Cornelison, Colo., 559 P.2d 1102 (1977). See also People ex rel. Farina v. District Court, 184 Colo. 406, 521 P.2d 778 (1974). Further, rules of criminal procedure must be strictly construed in favor of the accused. See People v. Cornelison, supra; People v. Olinger, Colo.App., 566 P.2d 1367 (1977).
Our Supreme Court has consistently held where the six-month speedy trial rule is concerned that trial must be held within the speedy trial period unless one of the statutory exceptions applies or unless the defendant has waived speedy trial expressly or by affirmative conduct. See, e. g., Rance v. County Court, Colo., 564 P.2d 422 (1977).
Accordingly, to read the word "may" in the ninety-day rule as allowing the municipal court full discretion as to whether to apply the ninety-day limit would make C.M.C.R. 248(b) inconsistent with its counterparts, Crim.P. 48(b) and § 18-1-405, C.R.S. 1973.
Moreover, such a reading would lead to an absurdity, since the exception contained in the second sentence of C.M.C.R. 248(b) would limit the court's discretion only during the last ten days of the ninety-day period, but would not limit its discretion during the first eighty days or after the ninety-day period has run. A construction that converts a statute into an absurdity is a forbidden construction unless no other is possible. Seibel v. Colorado Real Estate Commission, 34 Colo.App. 415, 530 P.2d 1290 (1974).
Therefore, we hold that if a defendant in a municipal court action is not brought to trial within the ninety-day period set out in C.M.C.R. 248(b), that rule mandates the dismissal of the prosecution unless the defendant has waived speedy trial or unless the court has continued the case under the exception to the rule.
Here, the parties stipulated that plaintiff had not waived her right to a speedy trial either expressly or by affirmative conduct. Hence, the district court properly ruled that the municipal court must dismiss the charges against her.
Judgment affirmed.
SMITH and BERMAN, JJ., concur.