## No. 27908

### The People of the State of Colorado v. Roger Colantonio

(583 P.2d 919)

Decided August 28, 1978.

Luis A. Lopez, District Attorney, James E. Klodzinski, Assistant, for plaintiff-appellant.

John Purvis, Acting State Public Defender, Craig L. Truman, Chief Deputy, Stephens Dooley, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an appeal from an order by the Huerfano County District Court granting the defendant's motion to dismiss under Crim. P. 48(b) for failure to afford him a speedy trial. We affirm the order.

On September 15, 1975, an information was filed in the Las Animas County District Court charging the defendant, Roger Colantonio, with felony menacing. Section 18-3-206, C.R.S. 1973. The defendant pleaded not guilty on December 12, 1975, and trial was set for May 17, 1976.

On May 13, 1976, the defendant filed a motion for continuance which was granted. Thereafter, on June 1, 1976, the defendant filed a motion for change of venue on the ground that he could not receive a fair trial in Las Animas County due to prejudicial publicity concerning prior offenses. The district attorney did not oppose the motion, and it was granted on October 14, 1976. The order granting the motion failed to specify the court to which venue had been changed or the date and time at which the defendant was to next appear, as required by Crim. P. 21(a)(4). As a result, no further action was taken on the case until April 20, 1977, when the Huerfano County District Judge, sitting in the District Court of Las Animas County, entered an order changing the venue to Huerfano County, with the trial to be held on September 19, 1977. On September 13, 1977, the Huerfano County District Court granted defendant's motion to dismiss, pursuant to Crim. P. 48(b), finding that the defendant had not been brought to trial within six months of October 14, 1976, and that he had not caused the delay.

The district attorney asserts that the delay in bringing the matter to trial was chargeable to the defendant because of his motion for change of venue and, therefore, should be excluded from the computation of the six months under Crim. P. 48(b)(6)(VI). This assertion is without merit.

The cases in which this court has found a delay to be chargeable to the defendant have involved situations such as defense motions for continuances, *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965), or requests by defense counsel for a later trial date when the trial judge had

proposed an earlier date within the prescribed period. *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964); *see American Bar Association Standards Relating to Speedy Trial* §2.3(c) (1967). These were clearly situations in which the defendant caused the delay.

■ The delays which occurred in this case are not chargeable to the defendant. The defendant successfully moved for a change of venue, and the case was delayed because the trial judge did not designate a new venue and set a date for trial. It was the responsibility of the district attorney and the trial court to cause the case to be brought to trial within the time limits set out in Crim. P. 48(b) and section 18-1-405, C.R.S. 1973. *People v. Murphy,* 183 Colo. 106, 515 P.2d 107 (1973); *People v. Bates,* 155 Colo. 277, 394 P.2d 134 (1964); *see American Bar Association Standards Relating to Speedy Trial* § 1.2, Second Edition, 1978.

■ Crim. P. 48(b)(6)(VII)(B) provides that delay is not to be included in the computation of time chargeable to the prosecution when:
"The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because exceptional circumstances of the case and the court entered specific findings with respect to the justification."

Thus, when a change of venue is granted after arraignment, it is incumbent upon the prosecuting attorney to make a motion to obtain additional time to bring the defendant to trial because of the exceptional circumstances of the case. The trial court must then make "specific findings with respect to the justification." In this case, no motion or findings were made, and the delay must be charged to the prosecution. Since the delay was not chargeable to the defendant, we find no reason to overturn the district court's ruling.

■ When considering a motion to dismiss for failure to afford a speedy trial, the trial court must view each case individually. After considering all of the facts, it must determine whether the defendant's right to a speedy trial has been denied. *Medina v. People,* 154 Colo. 4, 387 P.2d 733 (1963).

Accordingly, the order is affirmed.

MR. JUSTICE KELLEY does not participate.