604 P.2d 1195 (1979)
Wilma B. RAINWATER, Petitioner-Appellant,
v.
The COUNTY COURT IN AND FOR the COUNTY OF FREMONT, State of Colorado, and The Honorable Wallace Lundquist, County Court Judge, Respondents-Appellees.
No. 79CA0609.
Colorado Court of Appeals, Div. II.
December 20, 1979.
*1196 Larry Dean Allen, Canon City, for petitioner-appellant.
No appearance for respondents-appellees.
Roger M. Breyfogle, City Atty., Douglas E. Anderson, Asst. City Atty., Canon City, for amicus curiae Canon City, Colo.
BERMAN, Judge.
Petitioner, contending that her right to a speedy trial under C.M.C.R. 248(b) had been violated, sought relief in the nature of prohibition from the district court. The district court denied this relief, and from this judgment, petitioner appeals. We reverse.
Petitioner was convicted in the Canon City municipal court for violation of a municipal ordinance. Pursuant to § 13-10-116(1), C.R.S.1973 and C.M.C.R. 237(a), she filed a timely notice of appeal in the county court requesting a trial de novo.
Not having been brought to trial in the county court within ninety days of the filing of her appeal, petitioner moved to dismiss the action on the grounds that her right to a speedy trial, protected by C.M. C.R. 248(b), had been violated. The county court denied this relief, holding that Crim.P. 48, which provides for a six month speedy trial rule, was the applicable rule. Petitioner then commenced an action in the district court, pursuant to C.R.C.P. 106, seeking to prohibit her prosecution in the county court. The district court affirmed the county court's decision. From this decision, petitioner appeals. There has been no appearance on behalf of the respondents-appellees; however, the City of Canon City filed a brief as amicus curiae.
Petitioner contends that since the case involved only a municipal ordinance violation, the district court erred in applying the Rules of Criminal Procedure rather than the Municipal Court Rules of Procedure. We agree.
Crim.P. 54(a) states: "These Rules apply to all criminal proceedings in all courts of record in the state of Colorado. These Rules do not apply to municipal ordinance and charter violations." (emphasis added) The amicus brief maintains that this rule applies only to trials in municipal courts, and that when a case involving a violation of a municipal ordinance is before a county court in a trial de novo, the Rules of Criminal Procedure govern. In essence, the amicus brief postulates that it is the court rather than the cause of action that is determinative of which rules of procedure apply.
We find this reasoning unconvincing. The first sentence of Crim.P. 54(a) defines the scope of the Rules of Criminal Procedure as being applicable to all criminal proceedings in all courts of record. The second sentence, however, modifies and limits the scope of these rules in proceedings which involve municipal ordinance or charter violations. Under these limitations, the Rules of Criminal Procedure specifically do not apply.
This interpretation is in harmony with C.M.C.R. 201, which provides that the municipal court rules "shall govern the procedure in all municipal charter and ordinance violation cases." (emphasis added) Contrary to the contention of the amicus brief, it is the nature of the case, and not the court in which the case is being tried, that determines whether the Municipal Court *1197 Rules or the Rules of Criminal Procedure apply.
The amicus brief suggests next that the district court correctly applied the Criminal Rules because the trial de novo granted by C.M.C.R. 237(a) is an entirely new trial, and should be treated as if the case was filed for the first time in the county court. Not so. "While the method of review consists of a `de novo' trial in the county court, it is, nevertheless, an appeal. Section 13-10-116, C.R.S.1973, states in pertinent part:
`Appeals may be taken by any defendant from any judgment of a municipal court which is not a qualified municipal court of record to the county court of the county in which such municipal court is located.... (emphasis added).'"
Fuller v. Colorado Department of Revenue, ___ Colo.App. ___, (announced December 6, 1979, No. 79CA0500). The trial de novo is not an entirely new trial, but is, instead, a continuation of the original trial in the form of an appeal. The county court sitting as an appellate court in a trial de novo, has the same duties as the trial court. Pueblo v. Murphy, 189 Colo. 559, 542 P.2d 1288 (1975).
Thus, we interpret Crim.P. 54(a) and C.M.C.R. 201 to require, in the present case, the general application of the Municipal Court Rules of Procedure and, specifically, the application of C.M.C.R. 248(b), which mandates the dismissal of this case. Bachicha v. Municipal Court, 41 Colo.App. 198, 581 P.2d 746 (1978). Therefore, the county court should have granted petitioner's motion to dismiss. C.M.C.R. 248(b); People ex rel. Coca v. District Court, 187 Colo. 280, 530 P.2d 958 (1975); Bachicha, supra. Likewise, the district court erred in not granting petitioner's request for relief. See Justice Court v. Coleman, 137 Colo. 12, 320 P.2d 336 (1958).
The judgment is reversed and the cause is remanded to the district court with directions to grant petitioner's relief in the nature of prohibition.
PIERCE and RULAND, JJ., concur.