**Thomas ALLEY, Petitioner–Appellee,**

v.

**Frederick KAL, Presiding Judge, Steven Fisher, Judge, Aurora Municipal Court, Respondents–Appellants.**

**No. 80CA0311.**

Colorado Court of Appeals,
Div. I.

Aug. 7, 1980.

No appearance for petitioner–appellee.

Claybourne M. Douglas, Asst. City Atty., Aurora, for respondents–appellants.

COYTE, Judge.

Respondents appeal the order of the district court directing respondents to dismiss the battery charge pending against petitioner. We reverse.

On May 25, 1979, petitioner was arraigned in municipal court, entered a plea of not guilty, and requested a pretrial conference. The conference was set for July 17, 1979, but was held three days later. At that time, the prosecuting attorney offered, and petitioner accepted, a deferred judgment subject to two conditions. Disposition of the case was continued until August 13, 1979, to provide petitioner time to satisfy the conditions. On August 13, 1979, disposition was continued until August 21, 1979, at which time petitioner was unable to meet the conditions of the agreement. Trial was set for October 26, 1979.

Prior to trial, petitioner moved to dismiss the charge, asserting that the trial date was

more than 90 days after the arraignment date. *See* C.M.C.R. 248(b) (1979 Supp.). The municipal court denied petitioner's motion, finding that petitioner had requested the pretrial procedure, and thus, had precipitated the delay.

Petitioner sought relief in the district court in the nature of a mandamus writ directing the municipal court to dismiss the pending charge. Finding that petitioner had not expressly waived his speedy trial right under C.M.C.R. 248(b) (1979 Supp.) and that the request for a pretrial conference did not affirmatively demonstrate a waiver, the court granted the requested relief. This was error.

C.M.C.R. 248(b) (1979 Supp.) provides in pertinent part:

"If the trial of a defendant is delayed more than ninety days after the arraignment of the defendant, or unless the delay is occasioned by the action or request of the defendant, the court may dismiss the case and the defendant shall not thereafter be tried for the same offense . . . . ."

Here, since petitioner requested the pretrial conference for the purpose of achieving a disposition of his case without going to trial, and agreed to the terms of the disposition, petitioner may not complain of the delay occasioned by his unsuccessful efforts to meet the conditions for disposition. *Cf. Maynes v. People*, 178 Colo. 88, 495 P.2d 551 (1972). For the purpose of determining compliance with C.M.C.R. 248(b), (1979 Supp.), the delay from May 25, 1979, to July 17, 1979, and from July 20, 1979, to August 13, 1979, were "occasioned by" petitioner's action and are excluded from the determination of the 90 day period. Therefore, petitioner's October 26, 1979, trial date did not violate C.M.C.R 248(b) (1979 Supp.).

The order of the district court is reversed and the cause is remanded to the district court with directions to remand to the municipal court for reinstatement of the complaint.

PIERCE and RULAND, JJ., concur.