**Tim H. RODMAN, Plaintiff-Appellant,**

**v.**

**COUNTY COURT OF the COUNTY OF ADAMS, and The Honorable Ovid Beldock, one of the judges thereof, Defendants-Appellees.**

No. 83CA1308.

Colorado Court of Appeals,
Div. II.

Oct. 25, 1984.

Rehearing Denied Nov. 23, 1984.

Bruce P. Fierst, Denver, for plaintiff-appellant.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Deputy Atty., Brighton, for defendants-appellees.

SMITH, Judge.

Tim H. Rodman, appeals the denial of his C.R.C.P. 106 motion and petition for relief from the county court's denial of his motion to dismiss. He argues that his right to a speedy trial pursuant to § 18–1–405(1), C.R.S. (1978 Repl.Vol. 8) and Crim.P. 48(b) had been denied. We agree and reverse.

The following facts were stipulated to by the parties. On October 3, 1982, Rodman was charged in the Adams County Court with driving while under the influence of alcohol, and driving without car headlamps lit after sunset. A written entry of appearance, plea of not guilty, and request for a jury trial was mailed on his behalf to the court on October 27, 1982. Shortly thereafter, at Rodman's request, the case was scheduled for pretrial conference to be held on December 22, 1982. No disposition having been reached at this pretrial conference, a trial date was set for June 3, 1983.

At no time did Rodman request a continuance or object to a proposed trial date. He did, however, file a motion to dismiss on April 29, 1983, alleging that his rights to a speedy trial had been violated. This motion was denied.

A petition for relief pursuant to C.R.C.P. 106 was thereafter filed and denied in the district court. Rodman appeals this denial.

Rodman contends that the time which elapsed between the date of his arraignment and the pretrial conference should not be excluded from speedy trial calculations and that his request for a pretrial conference did not constitute a waiver or "delay caused at the instance of the defendant." See § 18–1–405(6)(f), C.R.S. (1978 Repl.Vol. 8) and Crim.P. 48(b). We agree.

■ Any waiver by a defendant of his right to a speedy trial must be explicit. As stated in *Harrington v. District Court,* 192 Colo. 351, 559 P.2d 225 (1977):

"Mere silence by a defense counsel at a trial setting shall not be construed as a waiver of defendant's statutory right to a speedy trial. An express consent to the delay or other affirmative conduct evidencing such consent must be shown."

*See also Rance v. County Court,* 193 Colo. 220, 564 P.2d 422 (1977); *People v. Gallegos,* 192 Colo. 450, 560 P.2d 93 (1977).

■ Here, it is undisputed that Rodman did not "expressly" waive a speedy trial. Therefore, the issue is whether the request for a pretrial conference in a criminal case without more, constitutes a speedy trial waiver, or whether it can be deemed a "delay caused at the defendant's instance" under § 18–1–405(6)(f), C.R.S. (1978 Repl. Vol. 8). In our view, it is neither.

Here, in contrast to the situation in *Alley v. Kal,* 44 Colo.App. 561, 616 P.2d 191

(1980), there is nothing in the record to indicate that Rodman's timely request for the pretrial conference necessitated a delay or postponement of the trial date. Also, there is nothing in the record to indicate that Rodman had rejected a proposed trial date within the statutory period, *see Tasset v. Yeager,* 195 Colo. 190, 576 P.2d 558 (1978), that he or his attorney requested a continuance, *cf. People v. Anderson,* 649 P.2d 720 (1982) nor that the court set the trial beyond the six month statutory limit to accommodate the defense attorney's schedule. *Cf. People v. Fetty,* 650 P.2d 541 (Colo.1982); *People v. Hamer,* 689 P.2d 1147 (Colo.App.1984).

What is evident is that in requesting a pretrial conference Rodman was merely seeking to invoke the power of the trial court to enter orders which would govern the future course of the proceedings. The fact that a disposition of the case might result from such conference, while perhaps hoped for, is only one of the possible results to be achieved. *See Alley v. Kal, supra.* Here, there is no indication that Rodman had any understanding or knowledge that such request might result in a postponement of his trial, nor, in our view, should he believe that a request for a pretrial conference, as a matter of course, would constitute a waiver of his speedy trial right.

The judgment is reversed and the cause is remanded with directions that the district court order the charges against Rodman be dismissed with prejudice.

ENOCH, C.J., and BABCOCK, J., concur.