Corey HILLS, Petitioner–Appellee,

v.

WESTMINSTER MUNICIPAL COURT, and Honorable Paul D. Basso, Judge, Respondents–Appellants.

No. 08CA0873.

Colorado Court of Appeals, Div. VII.

April 2, 2009.

Michael D. Brown, Arvada, Colorado, for Petitioner–Appellee.

Jason Balson, Assistant Prosecuting Attorney, Westminster, Colorado, for Respondents–Appellants.

Opinion by Judge J. JONES.

Following the refusal of the Westminster Municipal Court to dismiss criminal charges against him, petitioner, Corey Hills, initiated this C.R.C.P. 106 proceeding in the district court. The district court ordered the municipal court to dismiss the charges, finding that the municipal court had violated Hills' right to a speedy trial. Because we conclude that defense counsel's rejection of a new trial date within the speedy trial time period extended the speedy trial deadline, we reverse the district court's order and remand for further proceedings.

## I. Background

On January 20, 2007, the City of Westminster charged Hills with one count of battery and one count of criminal mischief, both violations of the Westminster Municipal Code, arising out of an alleged domestic violence incident. The Westminster Municipal Court advised Hills of the charges two days later, and the City added a charge of false imprisonment the same day. The court set the case for a trial to the court on February 27, 2007.

On January 26, 2007, Hills requested a jury trial. The court therefore vacated the February 27 trial date and set a jury trial for March 9, 2007. On February 5, 2007, Hills requested a new trial date, stating that he would not be available on March 9, but that he would be available during the week of March 12. The court denied that motion because the clerk had cleared the March 9 trial date with Hills.

On March 7, 2007, the day of the pretrial conference, an attorney entered an appearance on Hills' behalf. The court reset the trial for March 23, 2007. At the pretrial conference on March 21, 2007, a dispute arose as to whether the City had provided all requested discovery materials. As a result, the court reset the trial for April 13, 2007.

On April 3, 2007, the City filed a motion to disqualify Hills' counsel, alleging that Hills' counsel had a conflict of interest because he had given legal advice in the matter to both Hills and the alleged victim. On April 11, 2007, two days before the scheduled trial, Hills' counsel stipulated to the City's motion, and indicated that Hills had retained a new attorney. Hills' former counsel indicated that Hills' new counsel could not be ready to try the case on April 13. Hills then waived his speedy trial right in order to allow the case to be set for trial beyond the original ninety-day speedy trial deadline. The court offered to set the trial for April 27, May 4, May 11, May 18, or May 25 (apparently the Westminster Municipal Court conducts jury trials only on Fridays). The City did not object to any of those dates, but Hills' former counsel (who had Hills' new counsel's calendar) declined all those dates on behalf of Hills' new counsel. Hills' former counsel indicated that Hills' new counsel could be available on June 1, 8, 15, or 22. Though the City initially indicated that June 1 was acceptable, the City subsequently indicated that the victim could not be available on June 1. The court therefore scheduled the trial for June 8, 2007.

On June 8, Hills' new counsel moved to dismiss the case, claiming that Hills' right to a speedy trial was violated by the June setting. The court found that because new counsel had entered his appearance on April 11, the speedy trial period began on that date, and thus would expire on July 10, ninety days later.

Though both the City and Hills were prepared to try the case on June 8, the court, on its own motion, continued the case because it had two other cases going to trial that day. Knowing that the speedy trial period would expire on July 10, the court offered July 6, the next trial date available on its calendar, as a potential trial date. Hills' counsel rejected that date because he could not be available, but stated, "I can do the 13th, the 27th [of July]." Hills' counsel did not make a record that he could be available on any earlier date. The court said that the next available date after July 6 was August 3.

Although Hills' counsel accepted that date, he stated he was preserving his speedy trial objection. He did not elaborate, however, on whether the objection related to his previous motion to dismiss or was based on the new trial date being after July 10.

Hills then filed a C.R.C.P. 106 petition in Adams County District Court on July 5, claiming that the Westminster Municipal Court violated his speedy trial right by setting the trial outside the speedy trial period that ended on July 10, 2007, and thus, erred in denying his motion to dismiss. Defendant also filed a motion to stay the municipal court proceedings, which the district court granted. In ruling on the Rule 106 petition, the district court found that (1) Hills' counsel's rejection of dates in April and May did not toll the speedy trial period because counsel was prepared to try the case on June 8; and (2) the municipal court's continuance on June 8 was the reason the trial date was pushed outside the speedy trial period. Therefore, the court concluded that, because delays caused by a trial court's docket congestion are not excludable from the speedy trial calculation, the municipal court violated Hills' speedy trial right, and remanded the case to the municipal court for dismissal of the charges against Hills.

The Westminster Municipal Court and the Honorable Paul D. Basso of that court appeal the district court's order.

## II. Discussion

■ C.R.C.P. 106(a)(4) authorizes district court review "[w]here . . . any lower judicial body exercising judicial . . . functions has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy otherwise provided by law." C.R.C.P. 106(a)(4); *see Droste v. Board of County Comm'rs,* 85 P.3d 585, 590 (Colo.App. 2003). A complaint pursuant to Rule 106(a)(4) is appropriate to protect certain rights that would be significantly undermined if a party were required to proceed to trial prior to obtaining review. *Kane v. County Court,* 192 P.3d 443, 444 (Colo.App.2008).

■ In a Rule 106 proceeding, we review the decision of the governmental body itself rather than the district court's determination regarding the governmental body's decision. *Bd. of County Comm'rs v. O'Dell,* 920 P.2d 48, 50 (Colo.1996). Accordingly, we engage in the same type of record review as did the district court, and we are not bound by any determination made by the district court. *City & County of Denver v. County Court,* 37 P.3d 453, 455–56 (Colo.App.2001).

Here, because Hills was charged with crimes in Westminster Municipal Court, C.M.C.R. 248(b) establishes the speedy trial deadline. That rule provides, in relevant part:

> If the trial of a defendant is delayed more than ninety days after the arraignment of the defendant, or unless the delay is occasioned by the action or request of the defendant, the court shall dismiss the case and the defendant shall not thereafter be tried for the same offense. . . .

■ The exception in C.M.C.R. 248(b) for speedy trial violations based on an action or request of the defendant is similar to exceptions listed in Crim. P. 48(b) and section 18-1-405, C.R.S.2008. Therefore, cases interpreting those two provisions are equally applicable to the municipal court provision. *See Bachicha v. Municipal Court,* 41 Colo. App. 198, 199, 581 P.2d 746, 747 (1978) (C.M.C.R. 248(b) and state statutes are in pari materia, and should be reconciled if possible).

As a threshold matter, we note that although Hills initially moved to dismiss the charges against him based on a violation of his right to a speedy trial with respect to the delay from April until June, his Rule 106 petition focuses instead on the court's continuance from June until August (as does the district court's order). Thus, we will address defendant's speedy trial right only with respect to the last continuance.

■ The issue here, then, is whether the delay from June 8 to a date beyond the speedy trial deadline was due to an "action or request of the defendant." We conclude that it was.

■ The purpose of the speedy trial rules is "to prevent dillydallying on the part of the [prosecuting] attorney or the court in a

criminal proceeding." *People v. Bates,* 155 Colo. 277, 280–81, 394 P.2d 134, 136 (1964). Thus, continuances because of docket congestion are generally not attributable to a defendant and do not relieve the prosecution and the court of their responsibility to bring a defendant to trial in a timely manner. *See People v. Bell,* 669 P.2d 1381, 1385–86 (Colo. 1983); *Carr v. Dist. Court,* 190 Colo. 125, 126–27, 543 P.2d 1253, 1254 (1975). However, where (1) there is a continuance before the expiration of the speedy trial period, (2) the court offers a new trial date within the speedy trial period, (3) the defendant rejects that date, and (4) because of the defendant's rejection of the earlier date, the court then sets the trial date outside the speedy trial period, the delay is attributable to the defendant. *See Bates,* 155 Colo. at 279–81, 394 P.2d at 135–37 (following a mistrial occasioned by the improper testimony of a prosecution witness, where court offered a trial date within the speedy trial period but the defendant's counsel requested a later date outside the speedy trial period, delay was attributable to the defendant); *People v. Wilson,* 972 P.2d 701, 705 (Colo.App.1998) (court twice rescheduled case because of crowded docket, and when court set a third date before expiration of speedy trial, defense counsel was unavailable; trial court did not err in treating subsequent motion to dismiss as a request for a continuance outside the speedy trial period); *People v. Chavez,* 650 P.2d 1310, 1310–11 (Colo.App.1982) (where defense counsel was not available to try the case on the scheduled trial date, and was not available until after the expiration of the speedy trial period, the delay was attributable to the defendant because rejection of potential trial dates was tantamount to a request for a continuance); *see also People v. Fetty,* 650 P.2d 541, 544 (Colo.1982) (where a trial date was set at the request of the defendant's attorney to accommodate his schedule, the defendant waived any speedy trial claim as to that trial date); *People v. Colantonio,* 196 Colo. 242, 243–44, 583 P.2d 919, 921 (1978) (citing *Bates* for the proposition that where a trial court proposes a date within the prescribed period, but defense counsel requests a later date, delay is attributable to the defendant).

Here, though the trial court continued the case on June 8 due to docket congestion, it offered a new trial date within the speedy trial period. The prosecution did not object to that date. Defendant's counsel, however, objected to that date and proposed only dates outside the speedy trial period. Though defense counsel (acting through prior defense counsel) had indicated on April 11 that he would be available on June 15 or 22, he did not indicate on June 8 that those dates were still acceptable, or that any date prior to July 11, 2007 was acceptable. And although defense counsel indicated he was offering dates after July 10 but preserving a speedy trial objection, that does not affect our analysis. Assuming the speedy trial objection to which defense counsel was referring pertained to the delay beyond July 10, and not the delay from April to June (a matter which the record does not make clear), the fact remains that the court offered a date within the speedy trial period to which defense counsel objected. The delay caused by that objection was attributable to Hills' action. *See Wilson,* 972 P.2d at 705.

*Wilson,* 972 P.2d 701, is directly on point. There, trial was continued because of docket congestion, and the court reset the trial for a date one day before the expiration of the speedy trial period. Defense counsel, a public defender, said that he would be on vacation on that date, to which the court responded that counsel should find another public defender who could try the case on that date. Instead, before the expiration of the speedy trial period, defense counsel filed a motion to dismiss on speedy trial grounds, asserting that no attorney in his office was available on the date set for trial. *Id.* at 704.

A division of this court held that the delay caused by the inability of the defendant's counsel to appear on the final date set for trial was a delay attributable to the defendant, and that the motion to dismiss "was equivalent to a request for a continuance which extended the speedy trial period...." *Id.* at 704–05.

■ We agree with the division in *Wilson* that where, following a continuance that is not attributable to the defendant, the court

sets a trial date within the speedy trial period but defense counsel objects to that date because of his or her own scheduling conflict, the latter delay is attributable to the defendant. Because a delay "occasioned by the action" of the defendant is attributable to the defendant, we need not also decide whether Hills' motion to dismiss was tantamount to a motion for a continuance.

*Tasset v. Yeager,* 195 Colo. 190, 576 P.2d 558 (1978), on which both Hills and the dissent rely, is clearly distinguishable. In *Tasset,* following a continuance requested by the prosecution, the judge to whom the case had been assigned determined that he did not have *any* date available for trial within the speedy trial period, and therefore transferred the case to another judge. The substitute judge, over the defendant's objection, set the trial for a date outside the speedy trial period. *Id.* at 191, 576 P.2d at 559. In contrast to this case, therefore, there is no indication in *Tasset* that the defendant was offered any date within the speedy trial period following the last continuance. It was indeed docket congestion that caused the final delay in *Tasset.*

■ The court's statement (in dictum) in *Tasset* that a *previous* delay caused by the defendant's counsel's rejection of proposed trial dates "is not the type of delay [attributable to the defendant] contemplated by the speedy trial statute or the rule," *id.* at 192, 576 P.2d at 559, must be read in context. The fact that an initial delay is attributable to a defendant does not mean that a *later* delay caused by docket congestion is also attributable to the defendant. The converse, however, is also true: the fact that an earlier delay was caused by docket congestion does not mean that a later delay occasioned by the defendant's rejection of a date within the speedy trial period is also caused by docket congestion.

Accordingly, we reverse the district court's order and remand this case to that court to return it to the municipal court to reinstate the charges against Hills. Because the filing of the Rule 106 petition and the subsequent appeal of the district court's order tolled the speedy trial period, on remand, the municipal court shall have a reasonable period of time to reschedule the case for trial, and such time is excluded from the statutory speedy trial time. *See People v. Daley,* 97 P.3d 295, 299 (Colo.App.2004); *People v. Fears,* 962 P.2d 272, 277 (Colo.App.1997).

The order is reversed and the case is remanded with directions.

Judge MÁRQUEZ concurs.

Judge GABRIEL dissents.

Judge GABRIEL dissenting.

Today, the majority concludes that when the municipal court offered Hills a trial date within the speedy trial period but his counsel was unavailable on that date, the resulting delay was attributable to Hills and extended the speedy trial period, notwithstanding Hills' possible availability on other dates within the speedy trial period. Because I do not agree with the legal premise on which the majority's decision is based, and because I believe that the delay in this case was due to the municipal court's congested docket and not to any action or request of Hills, I respectfully dissent.

### I. Background

I generally agree with the majority's recitation of the relevant facts. Several additional facts, however, warrant mention.

First, although at the April 11, 2007 conference, the municipal court offered and Hills rejected five trial dates, there is no indication in the record that the City was available on any of those dates. Moreover, the City was unavailable on June 1, a date on which Hills was available.

Second, as the majority correctly notes, at the April 11, 2007 conference, Hills' counsel advised the court that Hills' new counsel was available for trial on June 1, 8, 15, and 22, and the court set the trial for June 8. When the court's congested docket forced it to continue the trial on June 8, however, the court made no effort to determine whether Hills was still available on June 15 and 22, and there is nothing in the record to indicate that he was not. Instead, the court stated that its first available trial date was July 6, suggesting that the court's docket prevented it from

trying the case on either June 15 or 22. Hills' counsel, however, was unavailable on July 6, and the record does not indicate whether the City was available that day. Without inquiring further as to the parties' availability for trial on any other date within the speedy trial period, the court then set the trial for August 3, beyond the speedy trial deadline, and Hills reiterated his speedy trial objection.

## II. Discussion

It is well settled that the trial court and the prosecuting attorney bear the burden of compliance with the applicable speedy trial requirements. *See Marquez v. District Court,* 200 Colo. 55, 57, 613 P.2d 1302, 1303–04 (1980). Although cases involving speedy trial questions necessarily turn on their particular facts and must be considered on an ad hoc basis, *Williamsen v. People,* 735 P.2d 176, 180 (Colo.1987); *People v. Colantonio,* 196 Colo. 242, 244, 583 P.2d 919, 921 (1978), decisions of our supreme court and of divisions of this court provide guidance for determining whether particular delays are chargeable to a defendant and thus excluded from the speedy trial calculation. For example, delays are chargeable to a defendant where the defendant either agreed to or requested such delays, including where the court proposes a trial date within the speedy trial period but the defendant specifically requests a later date. *See Colantonio,* 196 Colo. at 243–44, 583 P.2d at 921; *People v. Bates,* 155 Colo. 277, 281, 394 P.2d 134, 136–37 (1964); *People v. Hamer,* 689 P.2d 1147, 1150 (Colo.App.1984). Likewise, delays are chargeable to a defendant where the defendant or his counsel requests a certain trial date to accommodate his or her schedule. *See People v. Luevano,* 670 P.2d 1, 2 n. 1 (Colo.1983); *People v. Bell,* 669 P.2d 1381, 1384 (Colo.1983); *People v. Fetty,* 650 P.2d 541, 544 (Colo.1982). Delays are also charged to a defendant where the delays resulted from the defendant's efforts to comply with the terms of a deferred judgment or to satisfy the conditions of a pending plea bargain. *See Luevano,* 670 P.2d at 3; *Bell,* 669 P.2d at 1384; *Alley v. Kal,* 44 Colo.App. 561, 563, 616 P.2d 191, 192 (1980). Finally, delays are chargeable to a defendant where

the defendant's last-minute motion delayed the trial pending resolution of that motion. *See Williamsen,* 735 P.2d at 180.

On the other hand, delays in bringing a defendant to trial are not chargeable to the defendant where the delay was occasioned by a court's congested docket. *See Bell,* 669 P.2d at 1385–86 (fact that trial court was occupied by another trial on date of the defendant's plea hearing did not relieve the district attorney and the trial court of their joint obligation to bring the defendant to trial before the speedy trial deadline); *Carr v. District Court,* 190 Colo. 125, 126, 543 P.2d 1253, 1254 (1975) ("We hold that chronic trial congestion does not excuse the [trial court's] failure to bring these petitioners to trial within [the statutory speedy trial period].") This general principle, however, is subject to the exception in C.M.C.R. 248(b) for trials set within the last ten days of the speedy trial period where a continuance became necessary, a circumstance not present here. *See People ex rel. Freed v. County Court,* 42 Colo.App. 272, 274–75, 592 P.2d 1355, 1357–58 (1979). Likewise, delays are not chargeable to a defendant where the delay resulted from the prosecution's request for a continuance. *See Marquez,* 200 Colo. at 57–58, 613 P.2d at 1303–04.

In addition to the foregoing, our supreme court has made clear that a delay caused by a defendant's counsel's rejection of proposed trial dates "is not the type of delay contemplated by the speedy trial statute or the rule," and thus is not chargeable to the defendant. *Tasset v. Yeager,* 195 Colo. 190, 192, 576 P.2d 558, 559 (1978). This is particularly true where the defendant could have been brought to trial within the speedy trial period but for the prosecution's requests for continuances or the court's refusal to set the trial within that time period. *Id.* at 192, 576 P.2d at 560. Where, however, the record demonstrates that defense counsel is unavailable for trial on *any* date within the speedy trial period, the court will deem the defendant to have moved for a continuance, and the delay will be attributed to him or her. *See People v. Chavez,* 650 P.2d 1310, 1311 (Colo.App.1982) ("[W]hen defense counsel insisted he could not try the case prior to expiration of the [speedy trial period], we

hold this to be tantamount to a request for a continuance.").

Here, the majority concludes that when the municipal court offered the July 6 trial date and Hills' counsel rejected it due to his schedule, the resulting delay was attributable to Hills. I disagree with this conclusion for several reasons.

First, this conclusion is directly contrary to our supreme court's unequivocal statement in *Tasset*, 195 Colo. at 192, 576 P.2d at 559, that delay caused by a defendant's counsel's rejection of proposed trial dates is not the type of delay contemplated by the speedy trial rule and is not chargeable to the defendant.

Second, in reaching its conclusion, the majority appears to deem irrelevant certain facts that I believe to be dispositive: (1) Hills was previously available on several other dates within the speedy trial period; (2) there is nothing in the record to indicate that, as of June 8, he was no longer available on those other dates; (3) because of its congested docket, the municipal court made no effort to determine whether Hills was available on those or any dates within the speedy trial period other than July 6; (4) there is no indication as to whether the City was even available on July 6; and (5) Hills never asked for a trial date beyond the speedy trial deadline but rather consistently asserted his speedy trial rights. These facts persuade me that even absent *Tasset*, the delay at issue was not attributable to Hills, and I believe that the majority's holding is contrary to the settled principle that the trial court is responsible for complying with speedy trial requirements. Moreover, with the possible exception of *People v. Wilson*, 972 P.2d 701 (Colo.App.1998), which as discussed below is distinguishable on its facts and, in my view, was wrongly decided, the cases on which the majority relies do not support the conclusion that it reaches.

In *Bates*, 155 Colo. at 281, 394 P.2d at 136–37, for example, when the court proposed a date within the speedy trial period, defense counsel specifically asked the court for a later date and then agreed to the later date that the court proposed. On these facts, defense counsel clearly was responsible for the delay, because he expressly requested and then acquiesced in it. *Id.*

Similarly, in *Fetty*, 650 P.2d at 544, defense counsel expressly requested a trial date beyond the speedy trial deadline "for scheduling purposes." On such facts, as in *Bates*, the court properly attributed the delay to the defendant. *Id.*

Finally, in *Chavez*, 650 P.2d at 1311, the court was available for trial prior to the expiration of the speedy trial deadline, but defense counsel insisted that he was unavailable on *any* date within the speedy trial period. On such facts, the court properly construed defense counsel's unavailability on any day within the speedy trial period to be "tantamount to a request for a continuance." *Id.*

In my view, none of these cases stands for the proposition that whenever a court offers a defendant a trial date within the speedy trial period and the defendant is unavailable, the resulting delay is chargeable to the defendant, regardless of whether the defendant was available on other dates within the speedy trial period, and regardless of whether the court's docket congestion prevented the court from setting the trial on such dates. Moreover, each of these cases is readily distinguishable from the case before us.

Unlike in *Bates* and *Fetty*, for example, Hills' counsel did not expressly request a date beyond the speedy trial period. To the contrary, he steadfastly maintained his speedy trial objections, and, unlike the majority, I cannot construe any of his actions as a request for delay beyond the speedy trial deadline.

Similarly, unlike *Chavez*, this is not a case in which Hills' counsel was unavailable on any day within the speedy trial period. To the contrary, at least as of April 11, he was available and offered several dates during the requisite period. When the court continued the June 8 trial, however, it made no effort to schedule the trial for any of those dates. Nor did it even inquire as to Hills' counsel's continued availability on those dates. Rather, because of the court's congested docket, the court offered only one date within the speedy trial period, and when Hills' counsel was unavailable on that date, it set the trial for a date beyond the speedy trial deadline.

On these facts, I believe, as did the district court, that the delay at issue was attributable to the court's docket congestion. Moreover, in my view, the rule that the majority adopts today could lead to absurd results. Imagine, for example, a scenario in which there are 60 days in the speedy trial period, the defendant is available on 59 of those days, and, because of the court's congested docket, the court is only able to offer the defendant the one day on which he or she is unavailable. Under the rule that the majority espouses, in this scenario, the court could set the trial beyond the speedy trial deadline and the delay would be charged to the defendant. I believe that such a result would ignore the reality that the inability to bring the defendant to trial within the speedy trial period was clearly due to the court's docket, and it would render illusory the long-settled obligation of the court to ensure compliance with speedy trial requirements.

I concede that *Wilson,* on which the majority principally relies, appears to support the rule that the majority today applies. In my view, however, *Wilson* is distinguishable on its facts and, in any event, was wrongly decided.

In *Wilson,* 972 P.2d at 704, the court continued a scheduled trial because of docket congestion. On the rescheduled trial date, the court was again forced to continue the trial because of its docket. The court proposed a new date that was one day before the speedy trial deadline, but defense counsel was unavailable. The defendant then moved to dismiss on speedy trial grounds, because the court could not bring his case to trial within the speedy trial period. The court denied the motion, finding that it was the equivalent of a request by the defendant for a continuance, and the defendant subsequently appealed. *Id.* at 705.

On appeal, unlike here, the defendant conceded that his counsel's inability to be present for trial on the date proposed by the court was a delay caused at his instance and was thus excludable from the speedy trial period. *Id.* at 704–05. Relying in part on this significant concession, the absence of which distinguishes the present case from *Wilson,* the division affirmed the trial court's ruling. *Id.* at 705.

With all due respect to the division in *Wilson,* I believe that its conclusion was incorrect for two reasons. First, in reaching its determination, the division did not address *Tasset,* 195 Colo. at 192, 576 P.2d at 559, in which the supreme court stated that delay caused by a defendant's counsel's rejection of proposed trial dates is not the type of delay contemplated by the speedy trial rule and is not chargeable to the defendant. Second, the division relied principally on *Chavez.* As noted above, however, *Chavez* turned on the fact that defense counsel was unavailable on *any* day within the speedy trial period. *Chavez* did not address the situation present here and in *Wilson,* where defense counsel *was* available on other dates within the speedy trial period. Accordingly, in my view, *Wilson* misconstrued *Chavez* and, thus, reached the wrong result.

For these reasons, because I believe the delay at issue in this case was due to the municipal court's docket congestion and not to any action or request by Hills, I would affirm the district court's conclusion that the municipal court violated Hills' speedy trial rights and its order remanding the case to the municipal court for dismissal of the charges against Hills. Accordingly, I respectfully dissent.