No. 26859

**The People of the State of Colorado v. The District Court for the Second Judicial District, State of Colorado, and the Honorable Leonard P. Plank, as one of the Judges of the District Court**

(538 P.2d 469)

Decided July 14, 1975.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for petitioner.

Busacca, Goldstein, Hazleton & Temko, Kathy P. Bonham, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding with the People as petitioner through the district attorney. At issue is a determination where the burden of proof lies in a hearing concerning release of one Lyles from the state hospital at

Pueblo. Interpretation of section 16-8-115(2), C.R.S. 1973[1] is sought to guide the trial court. We issued a rule to show cause and now make the rule absolute.

A jury originally found the defendant Terry Lee Lyles not guilty by reason of insanity of the crime of aggravated robbery. He was committed to the state hospital at Pueblo. In 1972 the superintendent recommended the defendant's release from commitment. When the district attorney objected, a release hearing was held. A jury denied the defendant his release, and he appealed. We held that the trial court's unduly restricting the testimony of a clinical psychologist was prejudicial error. We reversed and remanded to the trial court with directions to hold another hearing consonant with the views expressed in the opinion. *People v. Lyles*, 186 Colo. 302, 526 P.2d 1332 (1974) (hereinafter *Lyles I*).

Section 16-8-115(2), C.R.S. 1973 reads in pertinent part:

". . . If the question [of defendant's eligibility for release from commitment] is contested, the burden of submitting evidence and the burden of proof by a preponderance of evidence shall be upon the party contesting the report of the chief officer of the institution having custody of the defendant."

At the 1972 release hearing the superintendent's report recommended release. Therefore under the statute the contestant district attorney had the burden of proof.

However, after the *Lyles I* remand the respondent court asked the superintendent for an updated report. This time the superintendent recommended that the defendant remain committed.

The district attorney argues that under the statute the defendant should now bear the burden of proof, since he is contesting the latter report. The defendant counters that while the latter report may be used as evidence, a remand hearing should place the parties in their original status quo positions as much as possible, so the district attorney should retain his burden of proof. The trial court, considering the history of the case, agreed. Because the issue could not meaningfully be treated on review, we issued a rule to the court to show cause why the defendant should not be required to bear the burden of proof.

Section 16-8-115(2), C.R.S. 1973 provides *inter alia* that the "court may order any additional or supplemental examination, . . . which it deems necessary to a proper consideration and determination of the question of eligibility for release." It was perfectly proper for the trial court to order a re-examination of the defendant in order to bring the evidence up-to-date. As a result the superintendent has rendered a contrary opinion, which the defendant is contesting. Under the plain language of section 16-8-115(2) the contestant defendant must now bear the burden of proof.

---

[1] Colo. Sess. Laws 1972, ch. 44, 39-8-115(2) at 231.

We reject the idea that this case must be tried on the basis of a two-year-old record. The question is not whether the defendant should have been released before, but rather whether he should be released now.

In ruling that the petitioner have the burden of proof at the pending second release hearing the respondent court acted contrary to the statute. Accordingly, the rule is made absolute.