No. 28402

## The People of the State of Colorado v. Leland Glen Logan

(588 P.2d 870)

Decided January 8, 1979.                    Rehearing denied January 29, 1979.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, J. Stephen Phillips, Chief, Criminal Appeals, Appellate Section, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

■ Defendant-appellant was committed to the Colorado State Hospital in 1973 after he was found not guilty of first-degree murder by reason of insanity. In 1977, appellant filed a motion for a release hearing under section 16-8-115, C.R.S. 1973. The director of the Colorado State Hospital recommended continued hospitalization. A trial to decide eligibility for release was held and the jury found that appellant's reasonably foreseeable dangerousness to either himself or others warranted continued confinement. Appellant appeals on the ground that it is unconstitutional to require him to bear the burden of proof that he will not be dangerous in the reasonably foreseeable future. Section 16-8-115(2), C.R.S. 1973.[1]

*People v. Howell,* 196 Colo. 408, 586 P.2d 27, is dispositive of the issue here presented. We therefore affirm. In that case, the identical argument was presented to this court for determination and the court stated:

"Because he was contesting the recommendation of the custodial institution, the appellant bore the burden of proving by a preponderance of the evidence that he was not likely to be dangerous. Section 16-8-115, C.R.S. 1973; *People v. Dist. Ct.,* 189 Colo. 151, 538 P.2d 469 (1975). He asserts that to satisfy due process requirements the burden of proof must always be placed upon the proponent of continued institutionalization. We disagree.

"The appellant originally claimed and submitted sufficient evidence to establish his insanity. Thus he was held not responsible for acts that otherwise would have been subject to criminal sanctions. Because of the prior judicial determination that his abnormal mental condition rendered him not accountable for two homicides, the public has a special interest in his continued confinement for the safety of others. Thus when he seeks release claiming he is no longer dangerous, and the hospital after examination and evaluation disagrees, it is neither unfair nor irrational to require that he bear the burden of proving he is no longer dangerous to himself or others. *Accord, In re Franklin,* 7 Cal. 3d 126, 496 P.2d 465, 101 Cal. Rptr. 553 (1972); *State v. Allan,* 166 N.W.2d 752 (Iowa 1969); *Newton v. Brooks,* 246 Or. 484, 426 P.2d 446 (1967)."

Judgment affirmed.

---

[1] By prior order of this court, all other issues raised by appellant were dismissed because they were not argued to the trial court.