**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Gary HILTON, Defendant–Appellant.**

**No. 94CA0457.**

Colorado Court of Appeals,
Div. IV.

Feb. 23, 1995.

Rehearing Denied March 30, 1995.

Certiorari Denied Aug. 28, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Baroway, Porter & Thomas, P.C., E. Scott Baroway, Englewood, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Gary Hilton, appeals the trial court's denial of his motion for release from the Colorado Department of Institutions (DOI). We affirm.

After a jury trial, defendant was found not guilty by reason of impaired mental condition and was committed to the custody of the DOI. At some point during his commitment, defendant was convicted of possessing contraband while in the Arapahoe County Jail awaiting trial and was sentenced to ten years in the Colorado Department of Corrections (DOC), to run concurrently with his commitment.

Defendant petitioned the court for release, pursuant to § 16–8–115, C.R.S. (1986 Repl. Vol. 8A), and the court ordered a release examination to be performed. At the time he petitioned the court for a release hearing, defendant was actually in the custody of the DOC, having been transferred there because he could not be safely confined at the state hospital.

The dispositional committee that performed the release examination concluded that, as long as defendant remained in the custody of the DOC, he did not pose a danger to the community and that, therefore, he met the test for release as provided in § 16–8–120(4), C.R.S. (1986 Repl.Vol. 8A). However, at the release hearing, a psychiatrist who had been a member of the dispositional committee testified that the committee believed that if defendant were released into the community, he would be dangerous.

At the release hearing before the court, the trial court concluded that: 1) under § 16–8–115(2), C.R.S. (1986 Repl.Vol. 8A), sufficient evidence had been introduced at the hearing to shift the burden to defendant

to demonstrate that he was eligible for release; and 2) under § 16–8–120(4), defendant was not eligible for release because he had an abnormal mental condition which would likely cause him to be dangerous if released into the community. In this appeal, defendant challenges these conclusions.

## I.

■ Defendant first contends that the trial court incorrectly interpreted the phrase "abnormal mental condition" as used in the test for release set forth in § 16–8–120(4). We disagree.

The test for release of a defendant who is committed to the DOI after being found not guilty by reason of impaired mental condition is:

That the defendant has no abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future.

Section 16–8–120(4).

Defendant argues that because the phrase "abnormal mental condition" is not expressly defined in the statute, we must look for other statutory sections using this phrase and construe it according to that usage. He points to the definitional section of the statute where the phrase "abnormal mental condition" is used within the definition of the phrase "impaired mental condition." That section provides:

"Impaired mental condition" means a condition of mind, caused by mental disease or defect, which ... prevents the person from forming a culpable mental state which is an essential element of a crime charged. *For the purposes of this subsection (2.7),* "mental disease or defect" includes only those severely *abnormal mental conditions* which grossly and demonstrably impair a persons's perception or understanding of reality ... except that it does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct.

Section 16–8–102(2.7), C.R.S. (1986 Repl.Vol. 8A) (emphasis added).

During the hearing, the psychiatrist who had been a member of the dispositional committee testified that DOI doctors had diagnosed defendant with "antisocial personality disorder, severe" which he characterized as being an abnormal mental condition. He also testified that one of the diagnostic criteria for antisocial personality disorder is criminal behavior and that, in defendant's case, the condition is associated with instances of dangerous criminal behavior.

Defendant argues for a definition of "abnormal mental condition" that excludes any abnormality that is manifested only by repeated criminal or antisocial conduct. He contends that because the definition provided in § 16–8–102(2.7) uses the phrase "abnormal mental condition" and provides an exception for an abnormal mental condition that is manifested only by repeated instances of criminal or antisocial behavior, the diagnosis of antisocial personality disorder as described by the psychiatrist should not prevent defendant's release. We are unconvinced.

A division of this court recently concluded that under the circumstances of that case, the determination that the defendant suffered from an antisocial personality disorder which was likely to cause him to be dangerous to himself or others made that defendant ineligible for release. *People v. Parrish,* 879 P.2d 453 (Colo.App.1994). The question we decide now is whether an exception applies for an antisocial personality disorder or other abnormal mental condition which manifests itself *only* through criminal or anti-social behavior. We conclude that no such exception applies.

■ Aside from the fact that there was no evidence here that defendant's condition manifests itself *only* in repeated criminal behavior, § 16–8–102(2.7) expressly limits this exception to the definition of "impaired mental condition." As such, this exception cannot apply to the phrase "abnormal mental condition" as used in the test for release provided in § 16–8–120(4), and we instead construe "abnormal mental condition" according to its plain meaning to include a severe antisocial personality disorder, however such a disorder is manifested.

Accordingly, the trial court did not err in concluding that defendant suffered from anti-social personality disorder, an abnormal mental condition under the test for release.

## II.

■ Defendant next argues that § 16–8–120, C.R.S. (1986 Repl.Vol. 8A) violates due process because it fails to define the word "danger" with enough specificity. He relies on *People v. Stevens,* 761 P.2d 768 (Colo. 1988) as support for his argument. However, *Stevens* did not involve § 16–8–120, and in fact, expressly recognized that, in Colorado, the word "dangerousness" as used in § 16–8–120 "satisfies due process." *People v. Stevens, supra,* 761 P.2d at 773. Hence, Colorado case law is contrary to defendant's position. *See also People v. Howell,* 196 Colo. 408, 586 P.2d 27 (1978).

## III.

■ Defendant further asserts that the court's determination of his likelihood to be a danger to himself or the community is premised on mere possibility not probability. He relies on the testifying psychiatrist's reluctance to assign a percentage of probability to defendant's future behavior, as well as the psychiatrist's testimony that there was a relatively strong possibility that defendant would be violent if released even though it was also possible that he would not be a danger in the community. However, defendant ignores other testimony of the psychiatrist to the effect that he and the dispositional committee believed that if defendant were not in a correctional facility, he would pose a significant threat to the community and would be very likely to engage in future dangerous and criminal behavior. This testimony practically mirrors the language of the test for release.

In light of the entire record, we conclude that the trial court's finding was not based on mere possibility. It is supported by the record and will not be disturbed by this court. *People v. Thomas,* 839 P.2d 1174 (Colo.1992).

## IV.

Finally, we also disagree with defendant's argument that the trial court acted improperly in shifting the burden to him to prove by a preponderance of the evidence that he was eligible for release.

Section 16–8–115(2) provides:

[I]f any evidence of ineligibility for release by reason of impaired mental condition is introduced [at the release hearing], the defendant has the burden of proving, by a preponderance of the evidence, that he is eligible for release by no longer having an impaired mental condition.

The statute provides for the same burden shift when evidence of insanity is introduced in a release hearing following a jury verdict of not guilty by reason of insanity. The trial court's written order concludes that evidence of insanity had been introduced sufficient to shift the burden to defendant.

As an initial matter, we recognize that the burden of proof provided in § 16–8–115(2) does not accurately reflect the test for release provided in § 16–8–120. The burden of proof described in § 16–8–115(2) is couched in terms of impaired mental condition, which has a specific definition under the statute that goes to a defendant's inability to form a culpable mental state. The test for release is couched in terms of an abnormal mental condition that would be likely to cause a defendant to be dangerous if released.

■ However, § 16–8–115(2) has been interpreted in light of the test for release. *See People v. Chavez,* 629 P.2d 1040 (Colo.1981) (due process not violated when defendant required to prove his *eligibility for release* ); *People v. Logan,* 196 Colo. 573, 588 P.2d 870 (1979) (not unconstitutional to require defendant to prove he will *not be dangerous in the reasonably foreseeable future* ); *People v. Howell, supra* (defendant has burden of proving he is *not likely to be dangerous to himself or others* ). Therefore, we conclude that once any evidence is introduced that the defendant is not eligible for release, § 16–8–115(2) shifts the burden of proof to the defendant in a release hearing.

■ Defendant argues with the trial court's conclusion that sufficient evidence of insanity had been introduced. We disagree.

Here, the record reveals that the state did introduce evidence that defendant was not eligible for release because he had an abnormal mental condition that would be likely to cause him to be dangerous if released. Hence, the trial court acted properly in shifting the burden of proving eligibility for release to defendant.

■ The record does reflect that the trial court inadvertently stated that evidence of "insanity," rather than evidence of "impaired mental condition," had been introduced sufficient to shift the burden to defendant. However, this misstatement does not change our conclusion. A correct decision will not be disturbed on review even though the reason for the decision may appear to be incorrect. *Metropolitan Industrial Bank v. Great Western Products Corp.*, 158 Colo. 198, 405 P.2d 944 (1965).

Accordingly, the trial court's order denying defendant's request for release from the DOI is affirmed.

NEY and RULAND, JJ., concur.