**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Stephen ARMSTRONG, Defendant–Appellant.**

**No. 94CA1847.**

Colorado Court of Appeals, Div. IV.

Oct. 12, 1995.

Rehearing Denied Nov. 9, 1995.

Certiorari Granted June 24, 1996.

In 1993, defendant was charged with five counts of sexual assault on a child. The trial court determined that he was not guilty by reason of insanity at the time he committed these offenses and ordered him committed to the Department of Institutions until he became eligible for release.

In April 1994, approximately seven months after his commitment, defendant requested a release hearing pursuant to § 16–8–115, C.R.S. (1986 Repl.Vol. 8A). The court ordered the facility at which defendant was committed to conduct a release examination and to submit a report to the court regarding defendant's current mental status. After the report was received, the court gave defendant's counsel an opportunity to make offers of proof and heard arguments but denied the request for a hearing. In denying the release hearing, the court concluded that defendant had failed to present evidence supporting his request for conditional release.

I.

■ Defendant first contends that the court abused its discretion in denying his request for a hearing on the issue of his eligibility for conditional release. He maintains that, pursuant to the statute governing conditional release, § 16–8–115, the hearing was mandatory. We disagree.

Section 16–8–115(1), C.R.S. (1986 Repl.Vol. 8A) governs the timing and general provisions pertaining to release hearings for a criminal defendant committed to the Department of Institutions. It provides, in pertinent part:

> The court may order a release hearing at any time on its own motion, on motion of the prosecuting attorney, or on motion of the defendant. The court shall order a release hearing upon receipt of the report of the chief officer of the institution in which the defendant is committed that the defendant no longer requires hospitalization, as provided in section 16–8–116, or upon motion of the defendant made after one hundred eighty days following the date of the initial commitment order.

Section 16–8–115(2), C.R.S. (1986 Repl.Vol. 8A) more specifically defines the procedure

Gale A. Norton, Attorney General, Raymond T. Slaughter, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, C. Keith Pope, Deputy Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Stephen Armstrong, who was committed to the Colorado State Hospital in September 1993, appeals the trial court's denial of his request for a release hearing. We affirm.

for obtaining a release examination of the defendant:

> The court shall order a release examination of the defendant when a current one has not already been furnished or when either the prosecution or defense moves for an examination of defendant at a different institution or by different experts. The court may order any additional or supplemental examination, investigation, or study which it deems necessary to a proper consideration and determination of the question of eligibility for release. The court shall set the matter for release hearing after it has received all of the reports which it has ordered under this section. *When none of said reports indicates that the defendant is eligible for release, the defendant's request for release hearing shall be denied by the court if the defendant is unable to show by way of an offer of proof any evidence by a medical expert in mental disorders that would indicate that he is eligible for release.* (emphasis supplied)

Defendant argues that these two subsections are in conflict. He notes that the use of the word "shall" in § 16–8–115(1) mandates that a release hearing be held when a defendant files a motion for such a hearing after 180 days of commitment in the Department of Institutions. Section 16–8–115(2), however, contains a sentence relieving the court of its obligation to hold a release hearing when no medical report or opinion has been offered indicating that defendant is eligible for release.

Defendant maintains that, in order to give meaning to both of these conflicting subsections of the statute, it is necessary for the court to hold a hearing in every case in which one is requested after 180 days of commitment. It is defendant's position that the court can deny subsequent hearings after the initial request if the medical documentation does not suggest release eligibility. In the alternative, defendant suggests that, in order to give harmonious effect to the two subsections, the portion of § 16–8–115(2) stating that a hearing is not necessary when release eligibility is not supported by medical documentation should apply only to those portions

of § 16–8–115(1) which give the court discretion in determining whether a release hearing should be held.

In construing a statute our task is to ascertain and give effect to the intent of the General Assembly. In order to do so, we must read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). We must presume that the General Assembly selected the language used in a statute with the intent that the entire statute be effective. Section 2–4–201, C.R.S. (1980 Repl.Vol. 1B).

We conclude that both interpretations of the statute advanced by the defendant are strained and do not represent the intent of the General Assembly in enacting this statute. The first interpretation advanced by the defendant, that a hearing must be held in every case, would render meaningless that portion of § 16–8–115(2) which gives the court the discretion to deny a hearing if release eligibility is not supported by medical documentation. It also would render meaningless that language which allows a defendant to present additional medical documentary support for his release when the documentation from the committing institution indicates that he is not entitled to release.

The General Assembly would not have included the language in § 16–8–115(2) permitting denial of a hearing in the making of an offer of proof if it intended for a hearing to be held in each and every case. Moreover, defendant's interpretation would not promote the efficient use of judicial resources. If the written documentation from the institution provides no medical support for a release of a defendant, and no offer of medical evidence supporting release is presented, a hearing on the matter would be unnecessary.

Nor are we persuaded that the second interpretation advanced by the defendant represents the legislative intent behind this statute. Defendant maintains that the language of § 16–8–115(2) suggests that the court may determine that a hearing is not necessary, but only in those situations in which, under § 16–8–115(1), the decision to

grant or deny a hearing is discretionary with the court.

This interpretation is not supported by the language of the statute. Had the General Assembly intended that the court's authority to deny a release hearing apply only in certain situations, language to that effect would have been included in the statute. However, there is simply no indication that the General Assembly intended that a portion of § 16–8–115(2) apply only to three of the five situations enumerated in § 16–8–115(1).

Although it appears that the two subsections of the statute are in conflict, we conclude that the language in the two subsections may be harmonized so as to give both portions of the statute meaning. The language in § 16–8–115(1) that a court "shall order a release hearing" when certain circumstances appear may be harmonized with the language in § 16–8–115(2) if the latter is construed to provide a procedural process for implementing the former.

█ In other words, the mandatory provisions of § 16–8–115(1) are not triggered unless and until there is a showing that some evidence as required by § 16–8–115(2) exists tending to demonstrate that defendant is medically eligible for release. Thus, although the court must consider a defendant's motion filed more than 180 days after his commitment, and may order the parties to prepare for an evidentiary hearing on defendant's request for conditional release, the hearing need not be held unless the medical documentation is favorable to the defendant, or unless the defendant demonstrates in an offer of proof that there is favorable medical evidence to support his release.

Because this interpretation of the statute allows both subsections to be read rationally, we conclude that, here, the court was not required to hold a hearing on defendant's initial motion for conditional release simply because he requested the hearing after 180 days following the date of his initial commitment order.

## II.

█ Defendant argues in the alternative that, even if he did not have an absolute right to a hearing under the provisions of the statute, one should have been held here because he presented sufficient evidence of his eligibility for release. Again, we disagree.

At the time defendant requested that the court hold a release hearing, the court ordered the Department of Institutions to prepare a report on his eligibility for release. This report indicated that, although the defendant was able to speak fluently and coherently and to think logically, he had not demonstrated an ability to avoid sexually inappropriate behavior in a less restrictive setting. The report further noted that defendant continued to suffer from a personality disorder with antisocial, dependent, and narcissistic traits. The report concluded that defendant had an abnormal mental condition that would likely cause him to be dangerous to himself and others. Therefore, it concluded he should not be considered eligible for release.

Defendant subsequently offered the court two additional reports which he argued supported his eligibility for release. One of the reports had been prepared at the time of his commitment and the other report had been prepared months before his commitment in response to his plea of not guilty by reason of insanity. Both of these reports concluded that defendant was not suffering from a mental illness and was malingering at the time of the evaluations.

The court determined that neither of these reports was prepared in response to its request for an evaluation pursuant to § 16–8–115. Further, the earlier report had been considered by the court at the time of defendant's commitment and the report prepared at the time of defendant's commitment merely repeated the earlier opinion that defendant was a malingerer. The diagnoses in all the reports reflected that defendant was a pedophile with a personality disorder. Hence, the court properly concluded that none of the reports indicates that defendant meets the criteria for release contained in § 16–8–116; C.R.S. (1986 Repl.Vol. 8A).

Next, we conclude that the court did not abuse its discretion in determining that defendant did not present sufficient evidence to warrant a hearing on his release request.

Evidence of defendant's mental condition at the time of his commitment nine months

earlier or at the time of his plea sixteen months earlier is not supportive of his contention that he is currently eligible for release. *See People v. District Court,* 189 Colo. 151, 538 P.2d 469 (1975) (in a proceeding to determine a defendant's eligibility for release, the question is not whether he should have been committed but whether he should be released now).

Defendant's reliance on *People v. Giles,* 192 Colo. 240, 557 P.2d 408 (1976) and *Garrison v. People,* 151 Colo. 388, 378 P.2d 401 (1963) is misplaced. The issue before the court in *Giles* was whether a trial court should apply the same test for release from commitment as that used to determine whether an individual is insane and requires commitment. The court did not examine the question whether reports of an individual's mental condition prepared months before his request for release were relevant to a current release proceeding. The court did note, however, that the statutory test for release following commitment "concerns itself with the defendant's mental state at the time he seeks release." *People v. Giles, supra,* 192 Colo. at 245, 557 P.2d at 412 (decided under § 16–8–120, C.R.S. (1986 Repl.Vol. 8A)).

In *Garrison,* the court did not consider the provisions of § 16–8–115. That case involved a defendant who had been adjudicated sane and had been convicted of murder. The only issues before the court were those involving the sanity of the defendant after the imposition of the death sentence and the evidence admissible to establish his mental state in a post-conviction proceeding. The defendant there successfully argued that the trial court had erred by excluding all evidence as to his mental condition prior to the date of entry of judgment of conviction and sentence to death. Defendant contended that he had become insane after judgment, thereby preventing the imposition of a death penalty. Hence, *Garrison* is not dispositive of defendant's claims.

The order is affirmed.

HUME and BRIGGS, JJ., concur.